293 So.2d 763 (1974)
Felix KELLY, As Administrator of the Estate of Alice V. Kelly, Appellant,
v.
KOPPERS COMPANY, INC., a Foreign Corporation Licensed to Do Business in the State of Florida, Appellee.
No. 73-824.
District Court of Appeal of Florida, Third District.
March 12, 1974.
Rehearing Denied May 21, 1974.
*764 Michael M. Tobin, Coral Gables, and Stephen K. Katz, South Miami, for appellant.
Stephens, Magill, Thornton & Sevier and James D. Acosta, Miami, for appellee.
Before CARROLL and HAVERFIELD, JJ., and MOORE, JOHN H., II, Associate Judge.
PER CURIAM.
Plaintiff-appellant takes this appeal to review an order of the trial court dismissing his second amended complaint with prejudice.
Plaintiff, as administrator of the estate of Alice Kelly, filed suit against the defendant Koppers Company, Inc. and sought damages in excess of $2,500 for (1) negligence and (2) implied breach of warranty. In essence the complaint alleged the following: that the defendant, a manufacturer of swimming pool paints, promoted the painting of swimming pools with murals or designs which were the creation of the defendant. As a result of these promotional efforts, Holiday Inn caused its pool to be painted with one of the defendant's designs or murals in violation of the rules and regulations of the State Board of Health. Thereafter, Alice Kelly, a tenant of the Holiday Inn, while swimming in this pool drowned and after a protracted period of time was discovered by an employee of the Holiday Inn who then secured help in removing her; that if the pool had not been painted so as to camouflage her, other tenants would have observed her difficulty and removed her from the pool prior to her drowning; that Alice V. Kelly sustained pain, shock, physical and mental anguish prior to her death.
Appellant contends that the trial court erred in dismissing his complaint with prejudice. We cannot agree.
First, we find from the allegations of this second amended complaint that the proximate cause of the death of Ms. Kelly is too remote to state a cause of action against the defendant Koppers Company, Inc. See 23 Fla.Jur. Negligence §§ 25-32 (1959). Second, plaintiff-appellant's reliance upon the violation of the Department of Health's regulation, Rule 170C-3.07, requiring the floors and walls of swimming pools to be light in color is misplaced as these rules and regulations are promulgated for the purposes of sanitation, healthfulness, and cleanliness. See Fla. Stat. § 514.02, F.S.A.
Third and last as to the implied breach of warranty count, we conclude that the complaint is insufficient to state a cause of action for there is absent any allegation that the paint was inherently defective or dangerous or not suited for the purpose for which it was manufactured. Cf. Royal v. Black and Decker Manufacturing Company, Fla.App. 1967, 205 So.2d 307.
For the reasons cited hereinabove, the order of the trial court herein appealed is affirmed.
Affirmed.