344 So.2d 1292 (1977)
FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION, Petitioner,
v.
FLORIDA CAREER SERVICE COMMISSION et al., Respondents.
No. CC-88.
District Court of Appeal of Florida, First District.
April 13, 1977.
Rehearing Denied May 18, 1977.
James R. Brindell and William P. White, Jr., Tallahassee, for petitioner.
Carol L. Reilly, Ben R. Patterson and Jerry G. Traynham, Tallahassee, for respondents.
RAWLS, Acting Chief Judge.
The primary issue posed by this petition for review is directed to the Career Service Commission entertaining jurisdiction, and in so doing, determining that respondent Sherman was not a probationary employee but, to the contrary, was a career service employee at the time of his discharge. By so determining, the ultimate question that must be answered is: On what date was Sherman's employment terminated?
On January 27, 1975, Sherman was employed by the Department of Environmental Regulation (Department) as an Environmental Specialist III in a probationary status. The Career Service Commission found that Sherman's probationary status was transformed by operation of law[1] into that *1293 of a career service employee on Sunday, July 27, 1975. Likewise, the Career Service Commission found that on Friday, July 25, 1975, Sherman was terminated by the Department and the Department appeared to take this action in order to avoid terminating Sherman after he was vested with permanent status as a career service employee. The order further found that Sherman was on properly requested and authorized sick leave on Friday, July 25, 1975, returned to work on July 29, 1975, and did not receive notice of his termination until he returned to work.[2] After reviewing the foregoing facts, the Commission reached the conclusion that:
"... 3. The termination of a probationary employee does not necessarily occur at the point of time when the notice of termination is reduced to writing, especially when the employee does not receive said written notice until five days after the time the termination is scheduled to occur or become effective, with no other attempt being made to inform the employee of his termination while he is on approved sick leave... ."
We disagree.
The Department vigorously contends that the Commission lacked jurisdiction to entertain Sherman's appeal since he was a probationary employee. The Department's position is well taken if the employee was employed in a probationary status. However, it is not the prerogative of an agency to unilaterally determine, as apparently the Department asserts, the status of an employee. To perform its statutory responsibility, the Career Service Commission must, at the outset, determine if the complainant is vested with the status of a career service employee and, if so, it has jurisdiction; if not, (i.e., probationary employee, exempt officers and employees, Sec. 110.051, Fla. Stat.) it is without jurisdiction. The question of jurisdiction has historically been one that is immediately reviewable by extraordinary writ or interlocutory review.[3]
We revert back to the main question as to what date Sherman was discharged. The Commission gratuitously observed in the instant order reviewed: "... A probationary period of employment exists solely to test the quality of the employee and is not for the purpose of filling a position for a short period of time." Being without jurisdiction of probationary employees, the Commission's arrogation of the right to express its views as to the purpose of probationary status is held to be in excess of its jurisdiction, and thus for naught. The specific finding by the Commission that: "... An employee achieves permanent status in the Career Service system at the end of six months of continuous satisfactory employment in the same position.", is germane to the issue being reviewed. The Commission found that on Friday, July 25, 1975 (two days short of the magic six-month period), Sherman's employer, the Department of Environmental Regulation, terminated his employment, and the Department appeared to have taken this action "in order to avoid terminating *1294 [Sherman] ... after he was vested with permanent status as a Career Service employee." Such findings necessarily support the Department's assertion that Sherman did not achieve permanent status in the Career Service system and thus could be terminated without the right to appeal to the Career Service Commission. The fact that Sherman was absent from work on authorized sick leave on the date of discharge does not affect or alter the ultimate fact that on said date his employer discharged him.[4]
Accordingly, the order of the Career Service Commission of the State of Florida is quashed.
McCORD and SMITH, JJ., concur.
NOTES
[1] Secs. 110.061(1) and (2)(a), Fla. Stat., provide:

"(1) Any employee who has permanent status in the career service may only be terminated for cause by the agency or officer by whom he is employed.
(2)(a) The department [Department of Administration] shall establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion and dismissal of employees in the career service for cause and for the investigation and hearing of appeals by the career service commission on such actions."
Sec. 22A-7.03(d), Fla. Admin. Code, states:
"A new employee who does not have permanent status in any class in the Career Service may be terminated at any time without the right to appeal such action to the Career Service Commission when serving with probationary ... status."
Sec. 22A-7.10(C), Fla. Admin. Code, provides:
"Termination During Probationary Period  An employee who is terminated in accordance with Section 22A-7.03(D) shall not have the right of appeal to the Career Service Commission."
[2] On July 25, 1975, the Department, by certified mail, sent notice of termination to Sherman which was received by him on July 30, 1975.
[3] Sec. 120.68(1), Fla. Stat., provides, in part:

"... A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Cf. Fla.App. Rule 4.2.a. which provides, in part:
"... Appeals [interlocutory] may be prosecuted in accordance with this rule ... from interlocutory orders relating to venue or jurisdiction. ..." (emphasis supplied)
[4] 53 Am.Jur.2d, Master and Servant § 43 at 117, 118: "... an employer may lawfully discharge an employee whenever and for whatever cause he chooses, without incurring liability."

Id., n. 9 at 118:
"... No employed person has an inherent or natural right (that is, a right apart from statute, regulation, or contract) to any sort of process in respect to removal from his particular job. Cafeteria & Restaurant Workers Union v. McElroy, 109 [U.S.] AppDD [D.C.] 39, 284 F.2d 173, affd 367 U.S. 886, 6 LEd2d 1230, 81 SCt 1734 [1743], reh den 368 U.S. 869, 7 LEd2d 70, 82 SCt 22."