405 So.2d 218 (1981)
H.K. CORPORATION D/B/a National Hotel, Inc., Appellant,
v.
ESTATE OF George W. MILLER and Helen Miller, Individually, Appellees.
No. 80-1309.
District Court of Appeal of Florida, Third District.
October 13, 1981.
*219 Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Scott D. Sheftall, Miami, for appellees.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final judgment entered upon a jury verdict in favor of the plaintiffs (appellees herein) for personal injuries sustained by plaintiffs' decedent in a diving accident is affirmed upon a holding that (1) the trial court correctly denied the defendant's motion for directed verdict at the close of plaintiffs' case on the issue of liability. This issue was properly submitted for determination as there was sufficient evidence in the record for the jury to conclude, as it ultimately did, that the decedent's injuries were proximately caused by the defendant's negligence, Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977); Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla.3d DCA 1977); (2) the testimony of plaintiffs' expert witness was properly admitted into evidence on the basis that (a) the sufficiency of the facts required to form an opinion must normally be decided by the expert himself and any deficiency relates to the weight rather than the admissibility of the expert's opinion, and (b) defendant presented no testimony or evidence to refute the adequacy of the underlying data. Quinn v. Millard, 358 So.2d 1378 (Fla.3d DCA 1978); (3) the administrative regulation at issue, first promulgated in 1962 pursuant to section 514.02, Florida Statutes (1961) and renumbered without change in 1969, was applied prospectively to defendant's diving facilities as they existed in 1974, when the decedent's mishap occurred; (4) the trial court properly instructed the jury that the hotel's violation of the regulation (which requires public swimming pools to have a minimum water depth for diving boards commensurate with the height of the board) was negligence per se as this rule obligated the hotel to protect a particular class of persons (swimming pool divers), from a particular type of harm (hitting the bottom of the pool), deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973); Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla.3d DCA 1978); Cf. Schulte v. Gold, 360 So.2d 428 (Fla.3d DCA 1978), cert. denied, 368 So.2d 1367 *220 (Fla. 1979) (statute requiring public lodging and food service establishments to be properly plumbed, lighted, heated, cooled and ventilated was designed to protect public in general); Kelly v. Koppers Co., Inc., 293 So.2d 763 (Fla.3d DCA), cert. denied, 302 So.2d 415 (Fla. 1974) (statute requiring floors and walls of pools to be light in color was promulgated for purposes of sanitation, health and cleanliness, not the protection of a class of persons).
Affirmed.