PER CURIAM.
Dr. Gershanik appeals the revocation of his license to practice medicine. We affirm.
The Board of Medical Examiners revoked Dr. Gershanik’s license following a disciplinary hearing conducted to consider charges that Dr. Gershanik had failed to conform to appropriate medical standards in the treatment of certain patients. At a prior proceeding, the Hearing Officer concluded that Dr. Gershanik’s conduct fell below acceptable standards: two of his patients, Rosemary Smith and Rebecca Glover, died while undergoing treatment by Dr. Ger-shanik.
In the earlier proceeding, the Hearing Officer determined that, as to Rosemary Smith, Dr. Gershanik acted negligently and unprofessionally in performing surgical procedures. The Officer, found:
[S]he had diffuse and contradictory complaints and her myelogram; which was not read by a radiologist prior to surgery, failed to demonstrate a clearly abnormal pathology. Additionally, the Respondent’s failure to take proper and timely measures to treat the patient’s condition which resulted from the damaged vessel demonstrates negligent and/or unprofessional conduct.[15]
*304 The Hearing Officer concluded that Dr. Gershanik violated section 458.1201(l)(m), Florida Statutes (1977),[1] replaced in chapter 79-302, Laws of Florida, by section 458.-331(1)(t), Florida Statutes (1979).[2] With regard to Rebecca Glover, the Hearing Officer decided that Dr. Gershanik violated section 458.1201(l)(m), Florida Statutes (1977) and section 458.331(l)(t), Florida Statutes (1979), when he acted
negligently and/or unprofessionally in deciding to perform a plastic repair on her forehead, lip and knees, while she was under general anesthesia, which was contraindicated by the patient’s serious chest injuries which included multiple fractured ribs and subcutaneous emphysema. Additionally, the Respondent Ger-shanik acted negligently and/or unprofessionally by failing to properly monitor Glover’s condition during the time she was administered general anesthesia, ..., which resulted in his inability to recognize and effectively treat the tension pneumothorax which developed during the plastic repair procedure which ultimately resulted in the patient's death, (citation omitted)
Despite Dr. Gershanik’s extensive medical background and experience, the Hearing Officer concluded that he
failed to treat two patients with the level of competence and professionalism required by law. The Respondent's testimony at the final hearing when considered in conjunction with what actually occurred during the two procedures, and his apparently well-intended belief that both patients were handled correctly, indicate that the Respondent lacks the requisite judgment and competence to continue to act as a licensed medical doctor in this state.
These findings culminated in a recommendation that Dr. Gershanik’s license to practice medicine be revoked.
The Board of Medical Examiners conducted a disciplinary hearing, heard argument of counsel, and questioned Dr. Ger-shanik. The Board then adopted the findings and conclusions of the Hearing Officer and imposed the recommended penalty. The Board acquitted Dr. Gershanik of other charges in the administrative complaint. This appeal ensued.
Our role is clear. According to section 120.68(10), Florida Statutes (1981), this court may not substitute its judgment for that of the agency as to disputed findings of fact or as to the weight of the evidence. Agency determinations may be set aside only if the court finds that the agency’s action depends on a finding of fact not supported by competent evidence in the record. Austin v. Gordon, 333 So.2d 118 (Fla. 2d DCA 1976). Our review of the record discloses no basis for overturning the Board’s decision.
*305 Dr. Gershanik’s first argument is that the order appealed is not supported by competent substantial evidence. He contends that much, if not all, of the testimony of Dr. Hubert Aronson should be rejected because it was not competent. We disagree. On appeal a trial court’s determination of the competency of expert testimony will not be disturbed absent a clear abuse of discretion. See McDonnell Douglas v. Holliday, 397 So.2d 366 (Fla. 1st DCA 1981). The sufficiency of the facts required to form an opinion is usually decided by the expert; any deficiency relates to the weight of the evidence rather than to its admissibility. H.K. Cory. v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981).
Dr. Gershanik next argues that the Hearing Officer and the Board erred in declaring his actions within the purview of the statute’s proscriptions. Again, we disagree. The construction of a statute by the administrative agency entrusted with its interpretation is accorded great weight and persuasive force. Bureau of Crimes Compensation v. Reynolds, 443 So.2d 501 (Fla. 3d DCA 1984). The agency’s interpretation will not be overturned unless it is clearly erroneous. Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984). The record before us does not support such a conclusion. We therefore approve the Board’s determination that Dr. Gershanik’s conduct is subject to disciplinary action under the statute.
Dr. Gershanik’s final challenge is directed to the penalty. He maintains that the Board abused its discretion in revoking his license. The claim lacks merit. In Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978), the court stated:
We hold that so long as the penalty imposed is within the permissible range of statutory law, the appellate court has no authority to review the penalty unless the findings are in part reversed, (emphasis added)
We are bound to follow Webb. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). The sanction imposed is within the permissible range of penalties, and we have not reversed any part of the Board’s findings. Accordingly, the penalty is not subject to review.
We have considered appellant’s other arguments and find them to be without merit.
Affirmed.

 Insufficient evidence was presented that the act itself of damaging a vessel while per *304 forming this surgery, constitutes negligence. This is a recognized complication which, although rare, can occur when performing this procedure.

. Section 458.1201(l)(m) provides:
Denial, suspension, revocation of license; disciplinary powers. — .
(l) The board shall have authority to deny an application for a license or to discipline a physician licensed under this chapter or any antecedent law who, after hearing, has been adjudged unqualified or guilty of any of the following:
(m) Being guilty of immoral or unprofessional conduct, incompetence, negligence, or willful misconduct. Unprofessional conduct shall include any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice in his area of expertise as determined by the board, in which proceeding actual injury to a patient need not be established when the same is committed in the course of his practice, whether committed within or without this state.

. Section 458.331(l)(t) provides:
Grounds for disciplinary action; action by the board.—
(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
(t) Gross or repeated malpractice or the failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances. The board shall give great weight to the provisions of s. 768.45 when enforcing this paragraph.