BARKDULL, Judge.
Appellant seeks review of an order of the Department of Administration dismissing his grievance petition against the Secretary *1240 of the Department of Corrections. Appellant is a Correctional Officer II, employed by the Department of Corrections. On November 21, 1980, he was promoted to the position of Correctional Security Shift Supervisor I (CSSSI) at the Broward Correctional Institution. There is a probationary period for this position of 12 months, during which time the individual must maintain a rating of at least satisfactory. Appellant’s first evaluation in the position was satisfactory. His evaluation on September 24, 1981, was unsatisfactory, and on November 20,1981, his evaluation was given a conditional rating. This last evaluation contained the comment that “probation will be extended for 90 days. Reevaluate prior to 2-21-82.” On February 19, 1982, appellant was demoted from CSSSI to Correctional Officer II. The letter of demotion stated in part:
“As a probationary employee in the class of Correctional Security Shift Supervisor I, you have no appeal rights through the Career Service Commission.”
Appellant filed several grievances and appeals from this demotion. His appeal to the Career Service Commission (CSC) was denied on the ground that the Commission lacked jurisdiction because appellant failed to appeal within 20 days of the agency action. His grievance filed with the Department of Corrections argued the propriety of the performance ratings and actions by the institutional staff.’ Appellant has previously raised before the grievance committee that he was denied permanent status in violation of Florida Administrative Code Rule 22A-7.04. The Secretary of Corrections denied appellant’s grievance. Thereafter, appellant filed a petition with the Department of Administration alleging an improper extension of his probationary period. The Department of Corrections moved to dismiss on the grounds that appellant had raised the same issues before the Career Service Commission which were denied, that appellant has raised an issue for the first time in his petition, and that the extension of his probationary period was proper. The Department of Administration dismissed the petition and this appeal followed.[1]
The Department at the institutional level can consider untimely grievances and did so in this case. It was more than lenient with Brothers’ efforts to grieve and gave him full consideration and hearing, even where it was not required to do so. After this review, the Department found no errors in the procedures questioned by Brothers. However, the time requirement for petitioning agencies to consider grievances is not a necessary requirement for vesting of jurisdiction. Review of a demotion, on the other hand, is not subject to the grievance procedure, but shall be handled in accordance with the provisions governing appeals. Rule 22A-10.04(2) Florida Administrative Code.[2] An appeal of his demotion by the appellant, seeking reinstatement, must be brought before the Career Service Commission which has the statutory and exclusive jurisdiction to hear the appeal.[3] Section 110.305(3) and 110.305(5), Florida Statutes (1981).[4] Said appeal must be filed *1241 within 20 days from the date of receipt of notice from the agency.[5] When Brothers’ appeal to the Career Service Commission was denied on jurisdictional grounds for failure to timely appeal pursuant to Rule 22A-10.05(3)(a) Florida Administrative Code, he had an additional 20 days from receipt of the notice within which to submit a written statement challenging the decision and then an appeal could be taken from the decision.[6] This the appellant failed to do. He therefore forfeited any right of further review.
In summation, as a probationary employee, the appellant could not appeal a demotion to his previous employment classification. See Rule 22A-10.05(l)(a), Florida Administrative Code.[7] If he was a permanent employee the only appeal of a demotion could be to the Career Service Commission, and if denied, further complaint of such denial must be raised within 20 days of any such order by further petition before the Career Service Commission. This the appellant failed to do. He therefore forfeited any right to further review. See Rule 22M 2.04(2)(b), Florida Administrative Code. In oral argument Brothers asserted that by this appeal he is requesting a hearing on his demotion by the Department of Administration. As previously stated, the Department of Administration has no jurisdiction of such matters and cannot provide Brothers with a hearing of his demotion. Therefore, the order of dismissal appealed herein is hereby affirmed.
Affirmed.

. After hearing oral argument from counsel, this Court requested additional briefs covering the issues of appellant’s time limits to file an appeal to the CSC and the Department of Corrections, and whether the CSC and the Department of Corrections can consider untimely filed appeals and grievances.

. Rule 22A-10.04 Grievances. Florida Administrative Code.
(2) Suspensions, reductions in pay, transfers, layoffs, demotions, and dismissals shall not be considered as grievances, and such actions shall be handled in accordance with the provisions of this chapter governing appeals.

. Neither the Department of Corrections nor the Department of Administration has the jurisdiction to hear appeals from demotions.

. Section 110.305, Florida Statutes (1981).
Commission; powers and duties.—
(3) The commission shall hear appeals arising out of any suspension, reduction in pay, transfer, layoff, demotion, or dismissal of any permanent employee in the State Career Service System. Written notice of any such appeal shall be filed with the commission within 20 days after the date on which the notice of suspension, reduction in pay, transfer, layoff, demotion, or dismissal is received by the employee.
A if A A A A
*1241 (5) Appeal to the commission pursuant to this part shall be the exclusive administrative review of such actions ...

. Rule 22A-10.05 Florida Administrative Code.
Appeals to the Career Service Commission.
(3) If an employee wishes to appeal a suspension, reduction in pay, transfer, layoff, demotion, or dismissal, on a ground provided by Section 110.305(4), Florida Statutes, the employee shall:
(a) Within 20 calendar days from the date of receipt of notice from the agency, advise the Career Service Commission in writing of the employee's desire to appeal the agency’s action to the Commission.

. Rule 22M-2.04 Florida Administrative Code.
Pleadings; Discovery.
(2) Processing the Appeal.
(b) If the appeal is rejected, the State Personnel Director shall notify the appellant in writing, summarizing the factual, legal and policy grounds for his decision and advising the appellant that the appellant may, within 20 days of receipt of the notice, submit a written statement challenging such grounds or submit evidence in opposition to the decision in informal proceedings. If the appellant’s objections are not accepted by the State Personnel Director, the appellant shall be given a written explanation of the decision. Such decision shall be appealable to the District Court of Appeal.

.Rule 22A-10.05(l)(a), Florida Administrative Code.
(а) An employee who is promoted and subsequently demoted prior to attaining permanent status in the higher class shall not have the right to appeal the demotion, ...
See also Rule 22A-7.06, Florida Administrative Code.
Promotion Appointments.
(б) An employee who is promoted may be demoted to the class from which promoted anytime prior to attaining permanent status in the higher class without having the right to appeal the demotion to the Career Service Commission.