PER CURIAM.
Appellant Lawrence R. Engel, D.D.S. was charged by appellee with various violations of chapter 466, Florida Statutes (1981) [“Dentistry, Dental Hygiene and Dental Laboratories”].
Following hearing, the hearing officer entered her proposed order that recommended that Dr. Engel be found guilty, as charged in six counts of the eleven count complaint, of: incompetence, (in regard to two patients); failing to perform a statutory or legal obligation relative to requirements for a dentist of record (in regard to two patients); failing to perform a statutory or legal obligation relative to requirements for proper display of state licenses or permits; and advertising in false or misleading manner, or contrary to law. The hearing officer further recommended that Dr. Engel’s license to practice dentistry be suspended for thirty days and that his license be placed on probation for one year after the suspension period, according to terms and conditions set by the Board of Dentistry, and that he be assessed an administrative fine of $3,000.
Upon hearing, the Board of Dentistry considered the recommended order of the hearing officer, heard argument of counsel for both Dr. Engel and appellee and adopted in toto the hearing officer’s findings of fact and conclusions of law, as well as making one additional finding of fact. The Board ordered that Dr. Engel be reprimanded; that his license to practice dentistry be suspended for three months and that his license also be placed on probation for two years, during which time he must complete certain continuing education requirements; and that Dr. Engel be assessed an administrative fine of $6,000.
It is appellant’s contention on appeal that the Board failed to prove the charges against him by clear and convincing evidence.
We have carefully considered appellant’s contention in the light of the briefs, record and argument of counsel and have concluded that appellant has failed to demonstrate reversible error. The Board’s findings and conclusions are supported by competent substantial evidence in the record. See Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1379 (Fla.), cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981); Gershanik v. Department of Professional Regulation, Board of Medical Examiners, 458 So.2d 302, 304 (Fla.3d DCA 1984), pet. for rev. denied, 462 So.2d 1106 (Fla.1985); Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla.3d DCA 1984); Kinlaw v. Unemployment Appeals Commission, 417 So.2d 802 (Fla.5th DCA 1982).
Accordingly, the order appealed is affirmed.
Affirmed.