BASKIN, Judge.
We affirm Lopez’s conviction for DUI manslaughter. In reaching our decision, we reject Lopez’s contention that expert testimony based on the alcohol absorption rate of the average person rather than on Lopez’s own rate should have been excluded as premised upon insufficient data. § 90.705(2), Fla.Stat. (1983).
The trial court has wide discretion concerning the admissibility of evidence, and a ruling admitting evidence will not be disturbed absent an abuse of discretion. Jent v. State, 408 So.2d 1024 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Gershanik v. Department of Professional Regulation, Board of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984), review denied, 462 So.2d 1106 (Fla.1985); Rodriguez v. State, 413 So.2d 1303 (Fla. 3d DCA 1982). The determination of the sufficiency of facts *1111 necessary to form an opinion lies within the province of the expert witness. Gershanik, 458 So.2d at 305; Quinn v. Millard, 358 So.2d 1378, 1382 (Fla. 3d DCA 1978). Deficiencies in the expert’s testimony relate to weight not to admissibility. Gershanik; H.K. Corp. v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981); Quinn.
Furthermore, the testimony of other witnesses describing Lopez’s condition, when considered with blood tests measuring his alcohol level at .13 and .10, lead to the conclusion that even if the admission of the expert’s testimony constituted error, the error was harmless. See Brown v. State, 477 So.2d 609 (Fla. 1st DCA 1985).
Finding no abuse of discretion, we affirm. Jent, 408 So.2d at 1029. Appellant’s remaining points are without merit.
Affirmed.