490 So.2d 140 (1986)
Daniel SULLIVAN, et al., Appellants/Cross-Appellees,
v.
NORTHWEST FLORIDA WATER MANAGEMENT DISTRICT, Appellee/Cross-Appellant, and
Department of Environmental Regulation, Appellee.
No. BI-352.
District Court of Appeal of Florida, First District.
June 10, 1986.
Carroll L. McCauley and Alvin L. Peters, of Carroll L. McCauley, P.A., Panama City, for appellants/cross-appellees.
Douglas L. Stowell and Gary J. Anton, of Mang & Stowell, P.A., Tallahassee for appellee/cross-appellant Northwest Florida Water Management Dist.
Douglas M. Wyckoff, Asst. Gen. Counsel of State of Florida Dept. of Environmental Regulation, Tallahassee, for appellee Dept. of Environmental Regulation.
FRANK, Associate Judge.
The genesis of this proceeding begins with Chapter 84-380, Laws of Florida, a 1984 legislative act transferring control of the Dead Lakes Dam in Gulf County to the appellee/cross-appellant Northwest Florida Water Management District (Northwest Florida) "for the sole purpose of removal of such dam." In compliance with the legislature's directive, Northwest Florida applied to the appellee Department of Environmental Regulation (DER) for the necessary permits. DER thereupon declared its intent to issue the destruction permits to "return the lake to its natural regime of river levels, habitat types, biological resources and navigational access." Following the receipt of DER's notice of intent to issue a permit to *141 Northwest Florida for the destruction of the dam, the appellants, owners of property adjacent to or near the lake, unsuccessfully petitioned DER to conduct a hearing pursuant to section 120.57(1). They alleged in their petitions that removal of the dam would cause the loss of their access to navigable waters and would irreparably diminish the recreational and aesthetic value of their contiguous property. They also disputed DER's conclusion that removal of the dam would benefit fish, wildlife, and the natural habitat. Our disposition of this matter encompasses the issues presented on appeal and Northwest Florida's cross appeal attacking DER's rejection of the hearing officer's mootness finding; we reverse and remand.
A hearing officer appointed to conduct a hearing summarily dismissed the appellants' petitions after considering their responses to an interrogatory propounded by Northwest Florida. In answer to a request that they detail how their substantial interests would be affected by the proposed agency action, the appellants stated that:
All of the petitioners have already suffered loss of their access to navigable water since the gates of Dead Lakes dam were partially opened [in Spring, 1980]. All of the petitioners in varying degrees, now have no access to navigable water... . Petitioners are unable to fish, boat, or ski from their "waterfront" property without traversing several yards of mud.
Since most of the petitioners purchased their property for weekend retreats or other recreational purposes, said property is no longer usable for the purpose intended by the property owners.
Subsequently, Northwest Florida filed supplemental motions to dismiss contending before the hearing officer that affidavits filed by the appellants rendered their claims moot; he concluded the appellants had conceded that the alleged threatened harm from permitting the dam's removal had already occurred. A further ground for dismissal urged by Northwest Florida was that the appellants' claimed diminution of property value was not within a zone of interest protected by sections 253.123 and 403.087, Florida Statutes. The appellants replied that section 403.91, et seq., Florida Statutes, had replaced section 253.123 effective October 1, 1984, and section 403.918(2)(a)1 prescribes that an adverse effect on the property of others is relevant in determining whether a project is in the public interest. The appellants further challenged the mootness notion asserting that even though the lake's present water conditions were bad, they would become worse and irremediable upon removal of the dam.
The hearing officer concluded that the appellants' alleged injury  diminution of the aesthetic and economic value of their property  was outside the zone of interest protected by sections 253.123 and 403.087, Florida Statutes. He found also that the appellants were then suffering the harm they sought to prevent and consequently their petition was moot. When the hearing officer's recommended order reached the secretary of DER, she rejected the mootness conclusion but declined to remand to the hearing officer for the reason that the appellants lacked standing: "it is clear from their response to the Department's interrogatories that the removal of the dam will not affect the petitioners' substantial interest because they do not presently have access to navigable waters."
We find summary dismissal of the appellants' petitions improper on two grounds: DER incorrectly analyzed the question of whether the appellants had standing to contest issuance of the permit for destruction of the dam; and in so doing, it erroneously denied the appellants the benefit of an evidentiary hearing from which factual issues could be resolved.
The secretary's final action rejected the appellants' claims of standing upon a finding that they had not suffered injury in fact; she, therefore, did not pass upon the hearing officer's view that the appellants' alleged injury was not within a zone of interest the proceeding was designed to *142 protect. Thus, the final agency order is not responsive to the question of which statute is to define the scope of those interests. It is our judgment that the repeal of section 253.123 and its replacement by section 403.91 broadened the standing test.
This court, adopting the principles expressed in the Second District's opinion in Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), has said that a petitioner enjoys standing to seek a section 120.57 hearing (1) if confronted with injury in fact of sufficient immediacy and (2) the injury is of the type or nature that the particular proceeding is designed to protect. North Ridge General Hospital, Inc. v. NME Hospitals, Inc., 478 So.2d 1138 (Fla. 1st DCA 1985). Essentially, however, DER found the appellants lacked standing because, given their current degree of impaired accessibility to navigable waters, they failed to allege a sufficient injury in fact. That result ignores the potential for and the quantum of further harm to the appellants which could flow from permanent removal of the dam. It is obvious that whether such exposure exists, and whether the appellants will actually suffer the alleged injury, cannot be resolved without a factfinding proceeding. Hence, under the authority of section 120.68(6), Florida Statutes, we remand for such a hearing. Garrido v. State Department of Health, 386 So.2d 811 (Fla. 1st DCA 1980); Kuster Enterprises, Inc. v. State Department of Transportation, 347 So.2d 1092 (Fla. 1st DCA 1977).
On remand, the hearing officer, and ultimately DER, in the event an inquiry into the zone of interest is deemed necessary upon consideration of the appellants asserted injury in fact, are to assess the appellants' claims in the context of the appropriate statutory scheme.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
BOOTH, C.J., and SMITH, J., concur.