PER CURIAM.
This is a consolidated appeal from (1) a final summary judgment entered in favor of the defendant innkeeper [Quality Inn South, Inc.] and its insurer [CNA Insurance Companies] in a negligence action arising out of a swimming pool accident, and (2) a final summary judgment entered in favor of the engineer who designed the subject swimming pool [Lawrence F. Weiss] on a contribution/indemnity claim filed against him by the defendant innkeeper. We affirm.
It appears without material dispute that the plaintiff Nick Mourgides, a guest of the defendant innkeeper, dove into the innkeeper’s swimming pool, hit bottom, and was injured. The record affirmatively demonstrates that, as a matter of law, the defendant innkeeper was not guilty of any actionable negligence in this case. The swimming pool and diving board, without dispute, were built in 1972 and, when built, met the minimum State Department of Health and Rehabilitation Services regulations then in effect for the construction of swimming pools and diving boards. Although the regulations have since changed in certain limited respects, it is undisputed that the defendant innkeeper was never notified of such changes and under the facts of this case could not reasonably be expected to be aware of such minor changes. This accident was the first such diving mishap in the pool since its construction, and under these circumstances, we see utterly no liability on the part of the defendant innkeeper in this case. See Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), pet. for review denied, 407 So.2d 1102 (Fla.1981); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979); Biltmore Terrace Assocs. v. Kegan, 130 So.2d 631 (Fla. 3d DCA 1961), cert. discharged, 154 So.2d 825 (Fla.1963); compare H.K. Corp. *510 v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981).
This being so, it is plain that the summary judgment entered in favor of the defendant innkeeper and its insurer was entirely proper, which necessarily means that the summary judgment entered in favor of the defendant engineer on the contribution/indemnity claim was also proper.
Affirmed.