DOWNEY, Judge.
Appellant, Robert Shaffer, appeals from a final agency order of appellee, The School Board of Martin County, Florida, wherein the Board ruled that Shaffer’s continuing contract was terminated when his position as Director of Elementary Education was abolished and that his contractual status thereafter was determined on an annual basis.
Shaffer commenced his employment with the Martin County School Board on July 1, 1969, as a Supervisor of Elementary Education on an annual contract basis and continued in that capacity for three academic years. Whereupon, for the year 1972-73 the Superintendent of Public Instruction recommended him for the position of Director of Elementary Education with a continuing contract. The board approved the recommendation and the parties executed a continuing contract that provided, among other things, that the Board could transfer Shaffer to similar positions and could discontinue his position. Shaffer remained in that position until June, 1979, when the Board discontinued the position of Director of Elementary Education as part of a staff reorganization plan. In July he was recommended for an appointment to the position of Assistant Superintendent for Administration, a position he considered a promotion but one which, for the most part, had different duties than the duties he previously had as Director of Elementary Education. Shaffer was never presented with, *336 nor did he sign, a contract for the position of Assistant Superintendent for Administration, nor was he ever informed that he had a continuing contract in that position. Prior to the 1981-82 academic year Shaffer applied for and was appointed to the position of Principal of South Fork High School. Once again, the duties were different from the duties in his position as Assistant Superintendent. Once again, no mention was made of the contract status. In 1986, Shaffer was assigned to the position of Director of Student Services Personnel. When he inquired about the salary he was to receive in this new position, he was tendered an annual contract, which he refused to sign. Thereupon, Shaffer filed a Petition for Administrative Hearing, contending the Board had breached its contract and he sought back pay, attorney’s fees and other relief. The matter was duly heard and the Board entered the order on appeal.
Shaffer contends that his continuing contract could not be terminated by simply abolishing the position he held; some further action by the Board was required. However, we are unable to determine exactly what additional action Shaffer contends the Board must take to effectively terminate his continuing contract. For example, in the Summary of Argument portion of his brief, it states:
Under the provisions of § 231.36(4)(a), Fla.Stat., (1986 Supp.) an employee of a school board holding a continuing contract prior to July 1, 1984, shall be entitled to retain such contract and all rights arising therefrom unless the employee voluntarily relinquishes this continuing contract. There is no evidence that Dr. Shaffer at any time voluntarily relinquished his continuing contract. It must therefore be determined whether the continuing contract has been terminated by operation of law or lawful action of The School Board, and, if not, what relief Dr. Shaffer is entitled to receive.
In 1972 Dr. Shaffer entered into a continuing contract of employment with The School Board as a Supervisor. The continuing contract assured unto Dr. Shaffer continued employment with The School Board without the necessity of annual appointment “until such time as the position is discontinued, the person resigns, or his contractual status is changed by mutual agreement or as prescribed below." § 231.36(3)(g), Fla.Stat. (1979) The School Board had the right under the contract and by law to assign Dr. Shaffer to a similar position within the school system without infringing upon his contract rights. § 231.36(3)(e), Fla.Stat. (1979). The School Board transferred Dr. Shaffer to a similar administrative position in 1979 when the supervisory position he formerly occupied was discontinued. The change to a similar position did not operate to negate Dr. Shaffer’s continuing contract.
Thus, it would appear that Shaffer contends his continuing contract was not terminated because he was transferred to a similar administrative position. This, of course, is contrary to the express finding of the Board.
The School Board contends that section 231.36(3)(e) and (g), Florida Statutes (1979), control the termination of continuing contracts by providing:
(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns, or his contractual status is changed as prescribed below.
[[Image here]]
(g) Any person who has previously earned continuing contract status as a supervisor or principal in the school district shall be continued in that status until such time as the position is discontinued, the person resigns, or his contractual status is changed by mutual agreement or as prescribed below.
Since Shaffer’s continuing contract was earned as a supervisor as opposed to instructional personnel, subsection (g) controls this case.
*337 The order appealed from makes extensive findings of fact that include a lengthy pretrial stipulation of facts executed by the parties. Among other things, the Board found that Shaffer’s position had been legally and properly discontinued and no issue was made concerning that aspect of the Board’s action. It found that the new position given to Shaffer, as stated in the pretrial stipulation of facts, for the most part involved different duties than those involved in Shaffer’s position as Director of Elementary Education, where Shaffer earned his continuing contract. The Board further found that Shaffer did not rely upon any representation or statement from the Board that he remained on continuing contract after his position as Director was discontinued — nor did he subsequently pass up other opportunities for employment in reliance on any such representations. Shaffer’s strongest argument in support of his claim that his continuing contract survived the discontinuance of his position as Director of Elementary Education is that thereafter he never was presented with an annual contract as are all other employees not on continuing contract, nor was he ever notified that his continuing contract had been terminated. If his position is that the Board is thus estopped to claim the discontinuance of his position as Director terminated his continuing contract, we are unable to agree. In order to assert an estoppel against a governmental body, one must show 1) a representation by the party estopped to the party claiming estoppel as to some material fact, 2) a reliance upon the representation by the party claiming the estoppel, and 3) a change in such party’s position caused by his reliance upon the representation to his detriment. City of Coral Springs v. Broward County, 387 So.2d 389 (Fla. 4th DCA 1980). The Board’s final order carefully considered the evidence adduced and found no evidence to support any one of the three categories set forth above.
In reviewing a final order of an administrative agency, the court may not substitute its judgment for that of the agency as long as there is substantial competent evidence to support the decision. School Board of Nassau County v. Arline, 408 So.2d 706 (Fla. 1st DCA 1982). Nor can the reviewing court substitute its judgment for that of the agency as to disputed findings of fact or as to the weight of the evidence. Gershanik v. Dept. of Professional Regulation, Board of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984).
In the record presented here we have a substantial pretrial stipulation of facts by the parties and extensive findings of fact by the Board supported by substantial competent evidence. Therefore, in compliance with the appropriate standard of review, the order appealed from should be and is affirmed.
DELL, J., and MARTIN, KAREN L., Associate Judge, concur.