550 So.2d 551 (1989)
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, Appellant,
v.
CITY OF ST. CLOUD, Appellee.
CITY OF ST. CLOUD, Appellant,
v.
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, Appellee.
Nos. 88-468, 88-557.
District Court of Appeal of Florida, Fifth District.
October 26, 1989.
*552 Stanley J. Niego, West Palm Beach, for South Florida Water Management District.
Segundo J. Fernandez and Scott Shirley, of Oertel & Hoffman, P.A., Tallahassee, and H.R. Thornton, City Atty., St. Cloud, for City St. Cloud.
Clifton A. McClelland, Jr. and Patrick F. Healy, of Potter, McClelland & Marks, P.A., Melbourne, for amicus curiae South Brevard Water Authority.
DANIEL, Chief Judge.
This is a consolidated appeal  the City of St. Cloud has appealed the order entered by the South Florida Water Management District denying St. Cloud's petition for a formal administrative proceeding, and the South Florida Water Management District has appealed the order of the trial court granting St. Cloud's motion for a temporary injunction. We affirm in part, reverse in part and remand for further proceedings.
In 1988, the District issued several well construction permits to J.S. Woodson thereby enabling Woodson to construct water wells on various sites located in Osceola County. When St. Cloud received notice that the construction permits had been issued, St. Cloud petitioned the District to conduct a formal administrative proceeding pursuant to section 120.57(1), Florida Statutes (1987). In its petition St. Cloud averred in part that the construction of the water wells would have the effect of impairing, polluting and otherwise adversely affecting the quality and availability of water to the city. St. Cloud also filed with the circuit court a motion for injunctive relief requesting, among other things, that the trial court issue a temporary injunction enjoining the District from authorizing continued construction of these water wells pending resolution of the section 120.57(1) petition.
The District subsequently entered a final order dismissing St. Cloud's section 120.57(1) petition, stating that dismissal was required because St. Cloud lacked standing to challenge the issuance of the well construction permits. The trial court meanwhile granted St. Cloud's motion for injunctive relief and directed that the injunction remain in effect until final disposition of the section 120.57(1) petition.
On appeal St. Cloud contends that it was error for the District to deny its petition for a formal section 120.57(1) proceeding, asserting that its petition demonstrates that the City has standing to intervene in this matter. We agree.
Section 120.57(1) provides that a party is entitled to a formal administrative hearing when substantial interests of the party are determined by an agency. In order for a party to establish a substantial interest, the party must demonstrate that it will suffer injury in fact which is of sufficient immediacy to entitle it to receive a formal administrative hearing, and that the injury is of a type or nature which the administrative hearing is designed to protect. *553 Agrico Chemical Company v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981). See also Sullivan v. Northwest Florida Water Management District, 490 So.2d 140 (Fla. 1st DCA 1986). The petition filed by St. Cloud indicates that the city has a substantial interest in the quality and availability of its water supply and that this interest will be adversely affected by the construction of the instant water wells. Accordingly, the final order entered by the District denying St. Cloud's section 120.57(1) petition must be reversed and this matter remanded to the District with instructions to conduct a formal section 120.57(1) proceeding.
In its appeal, the District contends that the trial court abused it discretion in granting St. Cloud's motion for injunctive relief because St. Cloud failed to establish that it would suffer irreparable injury if the injunction was not granted. This contention is, however, without merit. Review of the testimony presented at the injunction hearing reveals that sufficient evidence was presented to establish that irreparable injury would occur absent imposition of injunctive relief. Accordingly, we affirm the order of the trial court.
AFFIRMED in part, REVERSED in part, REMANDED.
SHARP, J., and ORFINGER, M., Judge, Retired, concur.