PER CURIAM.
Appellant challenges the denial of his petition for a hearing under section 120.-57(1), Florida Statutes. We reverse.
Appellant is employed as an insurance specialist for the Department of Insurance with permanent status in the Career Service System. On May 1, 1989, appellant filed a petition with the Department requesting a 120.57(1) hearing concerning the placement of a memorandum dated October 11, 1988, in his personnel file. The memorandum, which was written by appellant’s supervisor, summarizes a meeting attended by appellant, the supervisor, and a Department bureau chief. Among other things, the discussion held by the parties concerning remarks made by appellant at a previous conference is noted in the memorandum, and also noted are the supervisor’s comments alleged by appellant to reflect adversely upon appellant’s fitness for employment.
In his petition, appellant alleged that during his employment he has suffered no formal discipline, and his performance evaluations have always indicated that he achieved performance standards; that the memorandum carries with it suggestions and innuendoes regarding his fitness which are untrue; and that the memorandum is otherwise untrustworthy. The appellant also alleged in his petition that the memorandum máy have an adverse impact on his opportunity for promotion and transfer, which are matters of substantial interest to him. The appellant stated further that this memorandum was not appropriate for inclusion in his personnel file, and was not prepared as an official personnel record as described in rule 22A-11.003, Florida Administrative Code. The Department advised appellant by letter that his petition was denied because a 120.57(1) hearing was not the proper avenue for redress. We find the petition is sufficient to warrant a hearing, since there are factual issues concerning the truth of the memorandum, as well as the alleged stigmatizing effect of the memorandum claimed by appellant.
We are not persuaded by the Department’s argument that the appellant waived his right to an administrative hearing. The Department argues that Article 6 of appellant’s employment contract requires a party to make an election of remedies. By utilizing the first three steps of the grievance procedure provided in the employment contract, the Department argues, appellant waived his right to other judicial or administrative relief. Article 6 provides that an employee or the employee’s union cannot process a grievance when at the “same time” an administrative action is being pursued. This provision does not preclude resort to administrative remedies because a person has previously utilized grievance procedures.
Because this matter is before us on a prehearing record, we do not pass upon the remaining legal or factual issues raised by the petition, and we express no opinion regarding appellant’s ultimate entitlement to the relief he requests, namely, removal of the memorandum.
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with the above opinion.
SMITH, WENTWORTH and JOANOS, JJ., concur.