602 So.2d 557 (1992)
Dr. Conrad E. YUNKER, Appellant,
v.
UNIVERSITY OF FLORIDA, Appellee.
No. 91-1715.
District Court of Appeal of Florida, First District.
April 29, 1992.
James H. McCarty, Gainesville, for appellant.
Karen J. Stone, Associate General Counsel, University of Florida, Gainesville, for appellee.
SMITH, Judge.
Dr. Yunker, a nontenured research scientist working for the University of Florida on an overseas project, petitioned for a hearing under section 120.57(1), Florida Statutes (1989), after the University notified him of its intention not to renew his annual contract. Dr. Yunker appeals the order of the University denying his request. We reverse.
The letter of February 27, 1991 to Dr. Yunker, from the Chairman of the Department of Infectious Diseases, sets forth several reasons for the University's decision to terminate Dr. Yunker. In his petition, Dr. Yunker challenges the factual accuracy of the reasons advanced by the University.
While we agree with the University that pursuant to its employment rules, Chapter 6C1-7, Florida Administrative Code, Dr. *558 Yunker has no right to continued employment at the University, we conclude that Dr. Yunker's petition sufficiently alleges disputed issues of material fact affecting his substantial interests, regarding the truthfulness of the allegations contained in the February 27, 1991 letter, and their stigmatizing effect on his employment history and opportunity for new employment. Clearly, termination from employment affects a person's substantial interests. Taylor v. School Board of Seminole County, 538 So.2d 150 (Fla. 5th DCA 1989); Hasper v. Dept. of Labor and Employment Security, 459 So.2d 400 (Fla. 1st DCA 1984); and Webster v. South Florida Water Management District, 367 So.2d 734 (Fla. 4th DCA 1979). A petition which raises factual issues regarding the truth of allegations in a termination letter as well as the stigmatizing effect of such allegations is sufficient to warrant a hearing. Myers v. Department of Insurance, 561 So.2d 1289 (Fla. 1st DCA 1990).
REVERSED and REMANDED for further proceedings.
WIGGINTON and MINER, JJ., concur.