PER CURIAM.
This is an appeal from an order of the Public Employees Relations Commission (PERC) that determined it had no jurisdiction to hear an appeal filed by Joseph Narkier, whose status had been changed from a grade 17 position to a grade 18 position and several months later was changed back to a grade 17 position. The basis for the jurisdictional ruling was that appellant was a probationary employee in the higher position and therefore the reduction in his status did not give rise to a right to appeal. We reverse and remand for an evidentiary hearing.
The major factual dispute from which all of the other issues in this case arise, is whether appellant’s “job upgrade” from a grade 17 Human Services Counselor Supervisor, to a grade 18 Senior Human Services Counselor, was a “promotion” or a “reclassification.” This distinction is significant because if it were a promotion, then appellant is precluded from bringing an appeal before PERC, and the Commission was correct in finding it had no jurisdiction. If, however, as appellant contends, his “upgrade” to the grade 18 position was a “reclassification,” then instead of transferring upward to a new job with probationary status, he was actually moved from one permanent status job to another. This means that appellant would be entitled to an appeal after his demotion. See generally 60K-9.005, Fla.Admin.Code Ann. (1992).
A probationary employee who is demoted back to the class from which he or she was promoted prior to achieving permanent status in the new position has no right to appeal. Fla.Admin.Code Ann., r. 60K-9.005(l)(a) (1992). The crux of the dispute in the instant case is whether the ‘facts here should have led PERC to conduct a hearing to clarify whether appellant was in fact a probationary employee, before it unilaterally determined that it lacked jurisdiction to hear his appeal.
In a case procedurally similar to the one at bar, the first district held that PERC was required to conduct a hearing to resolve the ambiguity in a statutory definition to enable it to determine if it had jurisdiction to hear the appeal at all. Department of Military Affairs v. Griffin, 530 So.2d 1029 (Fla. 1st DCA 1988) (Court held that PERC should have conducted a hearing to decide whether the status of a police officer hired by the Department of Military Affairs was civilian or military, which would ultimately help to determine whether or not PERC had jurisdiction over the officer’s appeal). See also section 120.68(6), Florida Statutes (1991) *194 (Reviewing court given the power to order the agency to conduct a fact-finding hearing in a case where there was no hearing and the crux of the action arises out of disputed facts). In the instant case, a similar scenario is presented. We are persuaded by appellant’s argument that the description of his June 1988 “job upgrade” is significant in determining whether or not an appeal is available.
We therefore conclude that PERC erred in making the determination that it did not have jurisdiction without first affording appellant an opportunity to be heard on the underlying issue of whether his change of status was a “promotion” or a “reclassification” as that issue relates to whether or not he has standing to appeal the reduction in grade.
REVERSED AND REMANDED.
ANSTEAD, HERSEY and FARMER, JJ., concur.