651 So.2d 1283 (1995)
Susan S. FERTALLY, Appellant,
v.
MIAMI-DADE COMMUNITY COLLEGE, Appellee.
No. 94-1946.
District Court of Appeal of Florida, Third District.
March 15, 1995.
*1284 William G. Bell, for appellant.
Stephens, Lynn, Klein & McNicholas and Marlene S. Reiss and Philip D. Parish, for appellee.
Before HUBBART, COPE and GREEN, JJ.
COPE, Judge.
Susan S. Fertally appeals an order denying her an administrative hearing. We affirm.
Appellant associate professor was employed on annual contract by appellee Miami-Dade Community College. Miami-Dade advised her that her contract would not be renewed. Miami-Dade also refused her request to be issued a continuing contract. Appellant requested an administrative hearing pursuant to section 120.57, Florida Statutes (1993). Miami-Dade denied a hearing, and appellant appeals. Rule 6A-14.041, Florida Administrative Code, applies to personnel contracts within the community college system. It states, in part, that an "[a]nnual contract shall not create the expectancy of employment beyond the term of the contract. Non-renewal of an annual contract shall not entitle the person to the reasons for non-renewal or to a hearing." Id. 6A-14.041(7).
The employment contract states, in part:
5. It is expressly understood and agreed by and between the parties hereto that neither the Faculty Member nor the Board owes any further contractual obligation to the other after the contract ending date set forth in Paragraph 1, except for the Faculty Member's obligation to perform uncompleted duties in accordance with Paragraph 3. The Faculty Member understands that unless and until she shall receive a continuing contract under and by virtue of the provisions of Rule 6A-14.0411, F.A.C., she shall have probationary status and no legal cause shall be required of the Board in the event that the Faculty Member is not re-employed by the Board after June 20, 1994.
According to South Florida Water Management District v. City of St. Cloud, 550 So.2d 551 (Fla. 5th DCA 1989):
Section 120.57(1) provides that a party is entitled to a formal administrative hearing when substantial interests of the party are determined by an agency. In order for a party to establish a substantial interest, the party must demonstrate that it will suffer injury in fact which is of sufficient *1285 immediacy to entitle it to receive a formal administrative hearing, and that the injury is of a type or nature which the administrative hearing is designed to protect.
Id. at 552-53 (citations omitted). See generally Tuckman v. Florida State Univ., 489 So.2d 133 (Fla. 1st DCA 1986); Cornwell v. Univ. of Florida, 307 So.2d 203 (Fla. 1st DCA 1975).
Here, the appellant was on probationary status as an annual contract employee. By virtue of Rule 6A-14.041(7) and the contract itself, appellant has no expectancy of employment beyond the contract period. The decision not to enter into a new annual contract, and not to place the appellant on continuing contract, is not reviewable. See Cornwell, 307 So.2d at 211. The annual contract status at issue in this case is analogous to the status of a probationary career service employee, who can be discharged without cause. See Narkier v. Dep't of Health & Rehabilitative Servs., 636 So.2d 193 (Fla. 4th DCA 1994); Brothers v. Florida Dep't of Corrections, 474 So.2d 1239 (Fla. 3d DCA 1985); Dep't of Health & Rehabilitative Servs. v. Career Serv. Comm'n, 448 So.2d 18 (Fla. 1st DCA 1984); Florida Dep't of Envtl. Regulation v. Florida Career Serv. Comm'n, 344 So.2d 1292 (Fla. 1st DCA 1977).
We would, of course, have a different case if Miami-Dade had discharged appellant prior to the expiration of her annual contract. Miami-Dade concedes, and we agree, that in such circumstances the appellant would be entitled to a hearing to determine whether there was cause to discharge her prior to the end of her contract period. In the present case, however, there was no discharge during the contract term but instead, a decision by Miami-Dade not to offer a new annual contract, or a continuing contract, after expiration of the present contract period. Appellant's annual contract has expired in accordance with its terms.
We distinguish Yunker v. University of Florida, 602 So.2d 557 (Fla. 1st DCA 1992). In that case the University of Florida notified an annual contract research scientist that the University would not renew his annual contract. The court noted that under the then-applicable administrative rule, Yunker had no right to continued employment at the University. Id. at 558. The court concluded, however, that he was entitled to a hearing to rebut the stigmatizing effect of allegations contained in a letter from the University to Yunker. Id.
In the present case, the appellant's petition for administrative proceedings requests that she be reinstated at Miami-Dade and be granted a continuing contract. The petition makes no claim of stigma in this case. The relief requested is continued employment, not a "clear-the-air" hearing. Appellant's position in this case is that she was entitled to contract renewal unless there was good cause to withhold it. Yunker does not apply here.
Based on the terms of Rule 6A-14.041(7) and the terms of the annual contract, we conclude that the request for an administrative hearing was correctly denied.
Affirmed.