816 So.2d 824 (2002)
Stacey JONES, Appellant,
v.
MIAMI-DADE COUNTY, PUBLIC SCHOOLS, Appellee.
No. 3D01-1787.
District Court of Appeal of Florida, Third District.
May 22, 2002.
Jay M. Levy, Miami, for appellant.
Luis M. Garcia, Key West, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, J.
Stacey W. Jones appeals the nonrenewal of his annual contract as an administrator for the Miami-Dade County School Board. We affirm.

I.
Appellant Jones began employment with the school system as a teacher in 1969. He received a continuing contract of employment as a teacher in 1972. See § 231.36(4)(a), Fla. Stat. (2001); § 231.36(3)(e)-(g), Fla. Stat. (1975); § 231.36(3)(e), Fla. Stat. (Supp.1972).
In 1974 Mr. Jones was promoted to the position of assistant principal and, later, principal. In these positions he was employed for a year at a time on annual employment contracts. The 1974 contract contained the following statement:
It is expressly understood and agreed by and between the parties hereto that neither the Teacher nor the school board owes any further contractual obligation to the other after JUNE 27, *825 1974. The Teacher understands that unless and until HE shall receive a continuing contract under and by virtue of the provisions of Section 231.36, Florida Statutes, HE shall have probationary status and no legal cause shall be required of the school board in the event that the Teacher is not re-employed by the school board after JUNE 27, 1974.[1]
(Emphasis added). Subsequent annual contracts contained comparable language for each employment year.
For the 2000-2001 school year, Mr. Jones was employed as a staff specialist, on an annual contract for non-instructional administrative personnel. That contract provided:
It is expressly understood and agreed by and between the parties hereto that neither the Employee nor the School Board owes any further contractual obligation to the other after the above ending date, and that no expectancy of reemployment may be derived from the execution or performance of this Contract. The Employee understands that unless and until this Contract is renewed by the School Board, the Employee shall have probationary status and no legal cause shall inure to the Employee or be required of the School Board in the event that the Employee is not reemployed by the School Board after the expiration of this Contract.
(Emphasis added). In April 2001, Mr. Jones' supervisor recommended that he be separated from School Board employment and that no further annual contract be given. The School Board accepted that recommendation in May 2001.
In June 2001, Mr. Jones was formally advised of the School Board's decision not to offer another annual contract. Mr. Jones has appealed.
The School Board subsequently acknowledged that Mr. Jones is entitled to continuing employment as a teacher by virtue of the continuing contract issued in 1972. Mr. Jones has been reemployed in an instructional capacity. However, he seeks reinstatement to the higher-level positions he previously occupied.

II.
Mr. Jones argues that once he attained continuing contract status as a teacher in 1972, that was a status which conferred tenure on him and a legitimate expectation of continued employment. He contends that the status of continuing contract employee remained with him as he was promoted to his subsequent positions of assistant principal, principal, and then his assignment as an administrative staff specialist.
Mr. Jones points out that if he had a right to continued employment, then that would create a property interest which is protected by the due process clause of the federal Constitution. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Mr. Jones contends that he had such a property interest and that he should have been given notice and an opportunity to be heard in an adversary hearing prior to a final decision not to renew his contract. He further argues that the School Board was required to renew his employment contract, unless the Board established good cause for terminating him.
We disagree with the premise of Mr. Jones' argument. We conclude that Mr. *826 Jones attained continuing contract status in the position of teacher. However, that status did not automatically follow him when he was subsequently promoted to the position of assistant principal and principal. Upon promotion, Mr. Jones would have to earn continuing contract status in the position of assistant principal or principal. See Shaffer v. School Bd. of Martin County, 543 So.2d 335, 336 (Fla. 4th DCA 1989); Greene v. School Bd. of Hamilton County, 501 So.2d 50, 51 (Fla. 1st DCA 1987); Berkner v. School Bd. of Orange County, 373 So.2d 54, 55 (Fla. 4th DCA 1979); 1968 Op. Att'y Gen. Fla. 068-9 (1968).[2]
The plain language of each of the appellant's annual contracts for assistant principal, principal, and staff assistant indicated that there was no entitlement to continued employment beyond the completion of the individual contract year. That being so, there was no entitlement to a hearing under the due process cases cited above, or under the Florida Administrative Procedure Act. See Fertally v. Miami-Dade Community College, 651 So.2d 1283 (Fla. 3d DCA 1995). We see no basis on which to disturb the School Board's decision not to offer Mr. Jones a further annual employment contract.
The School Board's Manual of Procedures for Managerial Exempt Personnel does provide a limited recourse for persons in Mr. Jones' situation: "Any administrator who has been recommended for nonreappointment shall, upon request, be provided with a review conference directly with the Superintendent or designee." Id. § E-2B.2. Our ruling is without prejudice to such rights as Mr. Jones may have under the School Board's Manual of Procedures.
Affirmed.
NOTES
[1] This was the contract employing Mr. Jones as Assistant Principal. The standard form contract referred to the employee as "Teacher," regardless of the actual job title.
[2] The School Board advises that over the years, there have been significant changes in the statutes governing employment contracts for school personnel. The current statute provides:

An employee who has continuing contract status prior to July 1, 1984, shall be entitled to retain such contract and all rights arising therefrom in accordance with existing laws, rules of the State Board of Education, or any laws repealed by this act, unless the employee voluntarily relinquishes his or her continuing contract.
§ 231.36(4)(a), Fla. Stat. (2001). As already stated, Mr. Jones achieved continuing contract status as a teacher in 1972. The School Board agrees that Mr. Jones has continuing contract rights as a teacher.