KLEIN, J.
Toth, the chief environmental scientist of the Kissimmee division of the District, was given a written reprimand in September, 2003, and demoted and transferred to a different geographical region. He filed a petition for administrative hearing challenging this agency action, but it was dismissed because, as an at-will employee, he had no standing. We affirm.
In order to obtain review of the action of an administrative agency, a person’s “substantial interests” must have been determined. § 120.52(12)(a) and § 120.57(l)(e)l, Fla. Stat. (2003). The District dismissed Toth’s petition because he had no contract of employment and there was no statute, rule or policy which would give him a substantial interest.
In Sickon v. School Board of Alachua County, 719 So.2d 360 (Fla. 1st DCA 1998), a teacher who had been band director during 1996 and 1997 was assigned as assistant band director the next year. Her petition for administrative hearing was denied for lack of substantial interest because she had no contractual right to be band director and there was no school board or Florida Administrative Code rule which would give her a required substantial interest.
*483 Similarly, in Fertally v. Miami-Dade Community College, 651 So.2d 1283 (Fla. 3d DCA 1995), it was held that the petitioner, whose annual contract had not been renewed, could be dismissed without cause and was therefore without a substantial interest. See also Jones v. Miami-Dade Cty., 816 So.2d 824 (Fla. 3d DCA 2002).
Toth has not attempted to distinguish these cases. He relies primarily on Hasper v. Department of Administration, 459 So.2d 398 (Fla. 1st DCA 1984). Hasper is distinguishable, however, because in Has-per the petitioner was in a Senior Management Service Position, and at that time, section 110.403(l)(c), Florida Statutes (1984) provided a method for removing people in Senior Management Service Positions for poor performance. There is no analogous provision to section 110.403(l)(c) in the present case.
Because Toth was an at-will employee, and there is no statute or rule which would give him the required substantial interest, he was not entitled to an administrative hearing. We accordingly affirm the dismissal of his petition.
STEVENSON and MAY, JJ., concur.