489 So.2d 133 (1986)
Bruce W. TUCKMAN, Appellant,
v.
FLORIDA STATE UNIVERSITY, Appellee.
No. BI-489.
District Court of Appeal of Florida, First District.
May 22, 1986.
Rehearing Denied June 18, 1986.
*134 M. Stephen Turner of Culpepper, Pelham, Turner & Mannheimer, Tallahassee, for appellant.
Gerald B. Jaski, Gen. Counsel, Tallahassee, for appellee.
MILLS, Judge.
Tuckman appeals from a final administrative order denying his request for a formal hearing pursuant to Section 120.57(1), Florida Statutes (1985). We reverse and remand for a hearing pursuant to that section.
On 6 September 1984, Tuckman and Florida State University (FSU) entered into a twelve-month employment contract for the position of Dean of the FSU College of Education. On 24 July 1985, approximately one month before the end of the contract term, FSU notified Tuckman by letter that "[e]ffective immediately, you are relieved of your responsibilities as Dean of the College of Education. An alternative assignment for the 1985-86 academic year will be made as soon as possible."
On 30 July 1985, Tuckman notified FSU that he requested "a due process hearing" on its action. FSU responded on 5 August by memorandum, formally notifying Tuckman of its intended action and purporting to summarize the "factual, legal and policy grounds" therefor. However, no factual basis was set forth. Instead, FSU relied solely on Section 240.227(5), Florida Statutes (1983), and Rule 6C-4.01(2), Fla. Admin. Code, which generally provide that it has the authority to "appoint, remove and reassign academic deans." The memorandum gave Tuckman until 12 August to submit "written evidence, statements, and argument in opposition to, or challenging the grounds upon which the University has taken [this action]."
Tuckman declined this offer on 8 August, and requested "a due process hearing before an impartial hearing officer pursuant to Florida Statute § 120.57 so that I may have a fair opportunity to establish the impropriety of my removal from the position of Dean... ." He based this demand on the alleged breach of his employment contract and the guarantee set forth in the FSU Constitution, Rule 6C2-1.04(7), F.A.C., that, as a "professional staff member," he enjoyed the assurance of annual recommendation for reappointment as Dean, requiring, as for a tenured faculty member, just cause for removal.
FSU responded with a "final order," in which it concluded as a matter of law, that Tuckman's contract had not been breached *135 and that he was not a "professional staff member" entitled to an annual recommendation of reappointment. More importantly, the order concluded that Tuckman was not entitled to a formal administrative proceeding pursuant to Section 120.57(1), Florida Statutes.
Section 120.57 provides that it applies in all proceedings in which the substantial interests of a party are determined by an agency. Formal proceedings pursuant to subsection (1) are called for when, in addition to such interests, "the proceeding involves a disputed issue of material fact." In declining to grant Tuckman's request, FSU specifically did not rely on the absence of a substantial interest, but on the absence of "disputed material facts." This was error.
FSU's basic position is that because, by virtue of the cited statute and rule, it needs no factual grounds to remove or reassign Tuckman, there can be no disputed facts requiring a formal hearing. Assuming arguendo that no factual grounds were needed for FSU's action, Section 120.57 requires only that the proceeding affecting substantial interests involve a disputed issue of material fact. While the disputed fact must therefore be material to the proceeding, it need not be a fact that the agency has cited as a ground for its action.
Here, Tuckman requested a formal action based on an alleged breach of his employment contract and his contention that he was a member of the university's "professional staff" and therefore entitled to a showing of good cause. FSU made the legal determinations on these points that the contract was not breached and that Tuckman was not "professional staff." However, implicit in these legal conclusions were factual resolutions on which Tuckman's position was obviously adverse to FSU's but on which he was permitted no input. While his request for a formal hearing might have been more artfully drawn, it adequately indicated the areas of factual dispute so as to entitle him to a hearing.
In remanding for a formal proceeding pursuant to Section 120.57(1), we recognize that FSU specifically declined to rule on whether its actions determined Tuckman's substantial interests. However, it argues on appeal, and the record reflects, that it offered Tuckman an informal proceeding pursuant to Section 120.57(2). As noted above, Section 120.57 applies "in all proceedings in which the substantial interests of a party are determined by an agency." (emphasis supplied). A formal hearing pursuant to subsection (1) is required only if, in addition to these substantial interests, disputed issues of material fact are involved; it was this lack only on which FSU relied. Therefore, by its offer of a Section 120.57(2) hearing, the University has acknowledged that substantial interests were affected by its action and that question therefore need not be further addressed, either below or in this opinion.
Reversed and remanded.
WENTWORTH and NIMMONS, JJ., concur.