530 So.2d 1041 (1988)
Bruce TUCKMAN, Appellant,
v.
The FLORIDA STATE UNIVERSITY, Appellee.
No. 87-1585.
District Court of Appeal of Florida, First District.
September 1, 1988.
Rehearing Denied October 7, 1988.
*1042 Stephen Marc Slepin, of Slepin & Slepin, Tallahassee, for appellant.
Gerald B. Jaski, Gen. Counsel, Linda C. Schmidt, Associate Gen. Counsel, Florida State University, for appellee.
Ronald G. Meyer and Pamela L. Cooper, of Meyer, Brooks & Cooper, Tallahassee, for amicus curiae UFF/FTP-NEA.
WENTWORTH, Judge.
Appellant Bruce Tuckman seeks review of an administrative order entered by Florida State University, determining that the university did not breach an employment contract. We agree that the university did not breach the contract by its reassignment of duties, and we affirm the order appealed.
The parties entered into a twelve-month employment contract in September 1984, pursuant to which Tuckman served as dean of the College of Education. This contract specified Tuckman's salary and classified him as "dean and professor," but contained no description of Tuckman's duties or responsibilities as dean. In July 1985 Tuckman was notified by the university that he was being relieved of his responsibilities as dean. He continued to be employed as a tenured professor, retaining full salary and benefits for the remainder of the contract term.
Tuckman contested this action and requested an administrative hearing. The university issued a final order pursuant to informal proceedings, finding that the parties' contract had not been breached. Tuckman appealed, and this court reversed the university's order and remanded the case for a formal hearing. See Tuckman v. Florida State University, 489 So.2d 133 (Fla. 1st DCA 1986).
A formal hearing was then held and the hearing officer found that Tuckman was a faculty member without tenure in a deanship. The hearing officer also found that although the university had committed a technical breach of contract, Tuckman sustained no monetary damages. The university subsequently entered a final order, adopting the hearing officer's findings and conclusions except as to the technical breach. The university determined that the contract had not been breached.
The evidence before the hearing officer established that as a matter of university policy and practice deans serve at the pleasure of the president of the university and subject to his assignment of duties. Section 240.227(5), Florida Statutes (1984), and Rule 6C-4.01(2), F.A.C. (1984), authorized university presidents to appoint, remove, and reassign academic deans. The parties' contract did not guarantee Tuckman any specific duties or responsibilities as dean. He retained his assigned rank throughout the full contract term, and continued to serve as a faculty member at his full salary under the contract. In these circumstances the university was entitled to conclude as a matter of law, in accordance with section 120.57(1)(b)(10), Florida Statutes, that the reassignment of Tuckman's duties did not constitute a breach of the contract of employment.
The order appealed is affirmed.
SMITH, C.J., and WIGGINTON, J., concur.