555 So.2d 428 (1989)
Phillip G. SPIEGEL, M.D., Appellant,
v.
UNIVERSITY OF SOUTH Florida, Appellee.
Nos. 89-00641, 89-00987.
District Court of Appeal of Florida, Second District.
December 27, 1989.
Steven D. Merryday and David P. Rhodes of Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, for appellant.
Thomas M. Gonzales of Thompson, Sizemore & Gonzales, and Carla Jimenez, of the University of South Florida, Tampa, for appellee.
PATTERSON, Judge.
This is a consolidated appeal of two final administrative orders issued by the University of South Florida (USF) denying an administrative hearing to Phillip G. Spiegel, M.D., upon his removal as Chairman of the Department of Orthopaedics and Rehabilitation at the University of South Florida College of Medicine. We reverse.
Dr. Spiegel had served as the Chairman of the Department of Orthopaedics and Rehabilitation since October 1981, pursuant to seven consecutive one-year contracts. Each contract appointed Dr. Spiegel as the chairman of and a professor in the department. At the time of his removal from the chairmanship of the department in 1988, he had completed approximately two months of a twelve-month contract.
On October 31, 1988, Wilton H. Bunch, Dean of the College of Medicine, asked Dr. Spiegel to sign a letter of resignation as department chairman. Dr. Bunch, however, refused to explain the reason for the request. Dr. Spiegel declined. Later that *429 same day, Dr. Bunch terminated Dr. Spiegel's chairmanship through a letter which provided no reason for the action.
Dr. Spiegel contends that he was entitled to the protections of the USF's grievance procedures, set forth in Chapter 6C4-10, Florida Administrative Code, and that his entitlement to a formal administrative hearing is further ensured by section 120.57, Florida Statutes (1987). USF conceded in its brief and at oral argument that in dealing with Dr. Spiegel it did not follow the grievance procedures prescribed in Chapter 6C4-10, and it made no attempt to provide him with any type of hearing. The position of USF is that Dr. Spiegel had no interest in the chairmanship which entitled him to any form of notice or due process. We disagree.
As chairman of the department, Dr. Spiegel enjoyed a more favorable position than a professor in regard to his maximum possible compensation. As chairman he was also the ex officio member of a number of boards and committees. He asserts that these memberships contribute to his prestige among his peers.
The question is whether Dr. Spiegel possessed a property interest in his 1988 contract as chairman of the department which could not be stripped from him without a showing of good cause and the affording of procedural due process. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It appears to us well settled that "[a] written contract with an explicit tenure provision clearly is evidence of a formal understanding that supports a teacher's claim of entitlement to continued employment unless sufficient `cause' is shown." Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).
We hold that Dr. Spiegel's contractual status and the potential right to compensation over and above that of a professor are protected property rights that cannot be withdrawn without notice and the opportunity to be heard. This is not, however, the sole concern we have with the manner in which Dr. Spiegel was removed. Removing him without charging misconduct or providing any other explanation for such action may well damage his standing with his associates and in the community generally. It may place upon him a stigma giving rise to suspicions as to the reason for his removal, damaging his reputation and impairing his ability to obtain employment elsewhere, factors which implicate his liberty interest protected by the Fourteenth Amendment. These reasons, standing alone, suggest the propriety of a hearing prior to the termination of his contract. Thus, we find that Dr. Spiegel possesses a constitutionally protected property interest in the benefits flowing from his chairmanship as well as his tenured position of professor entitling him to the procedural protections of Chapter 6C4-10, Florida Administrative Code.
USF relies on Tuckman v. Florida State University, 530 So.2d 1041 (Fla. 1st DCA 1988) (Tuckman II), in support of its position that Dr. Spiegel holds no protected rights in his position. The only significant aspect of Tuckman II lies in the fact that the foregoing opinion followed an earlier remand from the first district which directed Florida State University to accord Tuckman procedural due process. Tuckman v. Florida State University, 489 So.2d 133 (Fla. 1st DCA 1986) (Tuckman I). Tuckman had been summarily relieved of his deanship in the department of education. He, too, had been denied a formal hearing pursuant to Chapter 120 based upon contentions not dissimilar from those advanced by USF in response to Dr. Spiegel's request for a hearing. Concededly, Tuckman did not prevail on the merits of his challenge to the action taken against him, but the significant consideration is that his second appeal provided a record by which the court would test the correctness of the action taken against him. Tuckman II. There is no such record before us. Thus, we follow Tuckman I and find Tuckman II unresponsive to the issues before us.
The last question is the relief to be afforded Dr. Spiegel. We hold that USF's attempt to terminate him as department chairman is so fatally defective that it is of no force or effect. We, therefore, grant *430 his request to be reinstated as Chairman of the Department of Orthopaedics and Rehabilitation of the University of South Florida College of Medicine retroactively to October 31, 1988, the date of his termination. USF is not barred, however, from renewing its effort to remove Dr. Spiegel from the chairmanship of the department subject, of course, to notice and hearing consistent with Chapter 120 and Chapter 6C4-10.
Reversed.
RYDER, A.C.J., and PARKER, J., concur.