ZEHMER, Judge.
Larry Williams, acting pro se, appeals a final order of the Florida Education Practices Commission (EPC) permanently revoking his educator’s certificate. We reverse and remand for a formal hearing. The pertinent facts are as follows.
While Appellant was employed as an elementary school teacher, he was arrested and charged with (1) having committed the offense of sexual activity with a child by a person in familial or custodial authority in violation of section 794.041, Florida Statutes, a first degree felony, and (2) having committed a lewd or lascivious act in the presence of a child in violation of section 800.04(3), Florida Statutes, a second degree felony. Appellant subsequently entered a plea of nolo contendere to the offense of attempted commission of a lewd or lascivious act in the presence of a child, a third degree felony, and the state nolle prossed the remaining charge. Pursuant to appellant’s plea, the trial court adjudicated him guilty of attempted commission of a lewd or lascivious act and placed him on 3 years’ probation.
On October 1, 1990, Commissioner of Education Betty Castor filed an administrative complaint with the EPC seeking disciplinary sanctions against Appellant. The complaint alleged that Appellant engaged in inappropriate sexual activity with a 12-year-old female, and that as a result of this conduct he was arrested and charged with sexual activity with a child by a person in familial or custodial authority and committing a lewd and lascivious act in the presence of a child. The complaint further alleged that Appellant had entered a plea of nolo contendere to the charge of committing a lewd or lascivious act in the presence of a child and that he was adjudicated guilty of that charge. The complaint stated that these allegations of misconduct constituted violations of: (1) section 231.-28(l)(c), Florida Statutes, in that Appellant was guilty of gross immorality or an act involving moral turpitude; (2) section 231.-28(l)(e), Florida Statutes, in that Appellant had been convicted of a felony; (3) section 231.28(l)(f), in that upon investigation Appellant had been found guilty of personal conduct that seriously reduced his effectiveness as an employee of the school board; (4) section 231.28(l)(h), Florida Statutes, in that Appellant had violated the provisions of law or rules of the State Board of Education, the penalty for which was revocation of his teaching certificate; (5) rule 6B-1.006(3)(a), Florida Administrative Code, in that Appellant failed to make a reasonable effort to protect students from conditions harmful to learning or to health or safety; (6) rule 6B-1.006(3)(e), Florida Administrative Code, in that Appellant intentionally exposed students to unnecessary embarrassment or disparagement; and (7) rule 6B-1.006(3)(h), Florida Administrative Code, in that Appellant exploited his professional relationship with students for personal gain. Appellant filed an election of rights disputing all of the allegations of the complaint and requesting a formal hearing. The case was forwarded to the Division of Administrative Hearings and assigned to a hearing officer.
The Commissioner of Education filed a certified copy of the judgment of conviction, along with certified court documents that allegedly supported the judgment (the record does not contain these documents), and moved the hearing officer to remand the case to the EPC for an informal hearing. The hearing officer entered an order granting the motion to remand, ruling that the “undisputed facts” in the case included an adjudication of guilt against Appellant for a felony that alone, under section 231.-28(1), was a sufficient basis for discipline, and that Appellant was entitled only to an informal hearing at which he could present evidence in mitigation to reduce or possibly eliminate the penalty. Appellant objected to the remand and disputed all of the allegations of the complaint, and contended that the negotiated plea was a result of fraud, coercion, and threat. Nevertheless, *99 the EPC conducted an informal hearing and entered a final order wherein it adopted “as findings of fact” several of the allegations of the complaint, including the erroneous allegation that Appellant was adjudicated guilty of committing a lewd and lascivious act in the presence of a child. Based on these findings, the EPC concluded that Appellant had violated section 231.-28(l)(c), Florida Statutes, by having been guilty of gross immorality or an act involving moral turpitude; section 231.28(l)(e), Florida Statutes, by having been convicted of a misdemeanor, a felony, or a criminal charge other than a minor traffic violation; section 231.28(l)(f), Florida Statutes, by having been guilty of personal conduct that seriously reduces his effectiveness as an employee of the school board; section 231.-28(l)(h), by having violated rule 6B-1.006(3)(a), Florida Administrative Code, by having failed to make a reasonable effort to protect students from conditions harmful to learning or safety; and rule 6B-1006(3)(h), Florida Administrative Code, by having exploited a professional relationship with a student for personal gain or advantage. Relying on sections 231.17(6), 231.-262(6) and 231.28, Florida Statutes, the EPC permanently revoked Appellant’s Florida educator’s certificate.
Appellant argues that he was entitled to a formal hearing because there were disputed issues of material fact. We agree, and reverse on this issue.
The election of rights Appellant filed in response to the administrative complaint stated that he disputed all allegations of the complaint and requested a formal hearing, and Appellant’s “Motion to Severely Object to the Order to Grant a Remand ...” and “Letter of Intent to Dispute All Allegations” both reiterated his express controversion of all of the allegations of the complaint. He stated that he disputed the EPC’s right to rely on the conviction because his plea resulted from threats, coercion, and fraud. The EPC argues that the judgment of conviction, in and of itself, was sufficient to prove that Appellant committed all of the violations found in the final order.
The law is well established that a judgment of conviction of a criminal offense, whether based on a plea of guilty or nolo contendere, is not admissible in a subsequent civil proceeding as proof of the facts on which it is based. State v. Du-bose, 152 Fla. 304, 11 So.2d 477 (1943). See also 23 Fla.Jur.2d Evidence and Witnesses § 321 (1980). Thus, proof of the fact of Appellant’s conviction by a copy of the criminal judgment was not legally sufficient to prove that Appellant was guilty of violating any of the statutes or rules the EPC found him guilty of violating, other than section 231.28(l)(e). Moreover, this latter finding was subject to attack on grounds that the plea resulted from threats, coercion, and fraud. § 231.28(2), Fla.Stat. (1991).
Section 231.262, Florida Statutes (1991), sets out the process to be followed in disciplinary proceedings against teachers. Subsection 231.262(5) states in pertinent part:
Upon the finding of probable cause, the commissioner shall file a formal complaint and prosecute the complaint pursuant to the provisions of chapter 120. A hearing officer shall be assigned by the Division of Administrative Hearings of the Department of Administration to hear the complaint unless all parties, including the Department of Education, agree in writing that there is no disputed issue of material fact.
(Emphasis added.) The record in this case does not contain a written agreement from Appellant that there was no disputed issue of material fact. To the contrary, Appellant has continuously disputed all allegations of the complaint.
Because' Appellant continually maintained that there were disputed issues of material fact, he clearly was entitled to a formal hearing pursuant to section 231.-262(5).[1] Thus, we reverse and remand to *100 the EPC with directions that it refer the case to DOAH for a formal evidentiary hearing.
Since the matter must be remanded for an evidentiary hearing, we note the additional error the EPC committed in basing the final order of revocation on the erroneous allegation that Appellant was convicted of committing a lewd or lascivious act in the presence of a child. Appellant was convicted only of an attempt to commit such an act.
REVERSED and REMANDED.
BARFIELD and MINER, JJ., concur.

. Section 120.57, Florida Statutes (1991), also mandates that a formal hearing pursuant to subsection (1) be provided, unless waived by all *100 parties, whenever a proceeding involves a disputed issue of material fact.