638 So.2d 583 (1994)
Anthony N. IAZZO, Ph.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PSYCHOLOGICAL EXAMINERS, Appellee.
No. 92-4040.
District Court of Appeal of Florida, First District.
June 20, 1994.
*584 Paul Watson Lambert, Tallahassee, for appellant.
Lisa S. Nelson, Asst. Gen. Counsel, Dept. of Professional Regulation, Tallahassee, for appellee.
PER CURIAM.
Dr. Anthony Iazzo (Iazzo) timely appeals a final administrative order from the Department of Professional Regulation, Board of Psychological Examiners (Board), disciplining his license and denying his request for a formal hearing pursuant to section 120.57(1), Florida Statutes (1987). Only one of the five issues raised on appeal merits discussion. We reverse and remand for a formal hearing.
The Department of Professional Regulation (Department) filed an administrative complaint against Iazzo on March 3, 1992, alleging a violation of section 490.009(2)(s), Florida Statutes (1987).[1] Specifically, the Department alleged that Iazzo, a Florida licensed psychologist, failed to meet the minimum standards of performance in professional activities, when measured against generally prevailing peer performance, by becoming a business partner with a patient he was still treating (i.e., dual relationship).[2] The complaint alleged that Iazzo provided psychotherapy services to the patient from June 13, 1985 to December 9, 1988. With a copy of the complaint, the Department sent an Explanation of Rights form, an Election of Rights form, a proposed stipulation offering Iazzo the penalty of a $1,000 administrative fine and two years of probation, and a cover letter. The cover letter advised Iazzo that he was to complete the Election of Rights form within twenty-one days of receipt or face possible entry of a default judgment. This packet was delivered by certified mail on March 12, 1992, and signed for by someone other than Iazzo.
Iazzo did not return the Election of Rights form in twenty-one days, and on April 14, 1992, the Department moved for default. However, on April 31, 1992, Iazzo filed a request for formal hearing, in which he disputed all the material factual allegations in the complaint and requested a formal hearing, as provided in the Election of Rights form. After Iazzo's request, the Department did not pursue its motion for default any further. Nevertheless, on May 8, 1992, the *585 Department sent Iazzo's attorney a letter, which read in pertinent part:
[T]he Department must determine whether there are disputed issues of material fact prior to requesting the assignment of a Hearing Officer... . Please specify, within twenty-one days, which material facts alleged in the administrative complaint you dispute, and the specific reasons therefor... . Any material facts not specifically disputed may be deemed admitted.
The Department sent a second letter to Iazzo's attorney informing him that it had not received notice of any "specifically disputed facts," and as there did not appear to be any disputed issues of material fact, it was filing a Motion for Final Action.
The Department filed its Motion for Final Action, seeking an informal hearing based on the Department's determination that there were no material issues of disputed fact. Iazzo filed a motion in opposition, again alleging he disputed all material factual allegations in the complaint, and reiterating his request for a formal hearing. Upon receiving notice of the hearing to be held on the Department's motion, Iazzo repeated this request and his general denial.
A hearing was held before the Board of Psychological Examiners (Board) on August 31, 1992, to determine whether the case should be referred to the Division of Administrative Hearings (DOAH) or considered at an informal hearing. Iazzo's attorney stated at the outset of the hearing that Iazzo had disputed and continued to dispute each and every factual allegation in the complaint and demanded the case be referred to DOAH. The Board's counsel advised the Board to proceed with an informal hearing and allow the Department to introduce evidence to prove the material facts at issue. She further advised the Board that if Iazzo did present evidence showing a fact was in dispute, then the case should be transferred to DOAH.
After the Department rested its case at the informal hearing, Iazzo's attorney repeated Iazzo's denial of all the allegations in the complaint, that it was the Department's burden to prove by competent, substantial evidence each and every fact in the complaint, that the Department had not done so, and Iazzo, therefore, had no concomitant duty to disprove the allegations in the complaint. The Board issued a final order on November 20, 1992, denying Iazzo's request for a formal hearing, and concluding that Iazzo's request for a formal hearing did not meet the requirements of section 120.57(1) or Florida Administrative Code Rule 28-5.201,[3] in that it did not specifically allege a factual dispute. Accordingly, the Board found Iazzo violated section 490.009(2)(s), as charged, placed him on two years of probation and ordered him to pay a $1,000 administrative fine.
Iazzo contends that his request for a formal hearing, in which he disputed all the material factual allegations in the complaint, was legally sufficient to entitle him to a formal hearing. The Department, on the other hand, contends that Iazzo's request for a formal hearing was not sufficiently specific and did not meet the legal requirements of Florida Administrative Code Rule 28-5.201. We agree with Iazzo, and reverse.
Nothing in sections 120.57(1) or 455.225(4), or Florida Administrative Code Rule 28-5.201 imposes a requirement that a party must specifically identify and separately dispute each factual allegation for it to be considered a disputed factual issue entitling that party to a formal hearing. Section 455.225(4), Florida Statutes (Supp. 1988), which governed the process by which the Department was to conduct disciplinary proceedings at the time Iazzo's wrongdoing allegedly occurred (i.e., 1988), provides in relevant part:
A formal hearing before a hearing officer from the Division of Administrative Hearings of the Department of Administration shall be held pursuant to chapter 120 unless all parties, including the Department of Professional Regulation, agree in writing that there is no disputed issue of material fact... . If any party raises an issue *586 of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held.[4]
(Emphasis added.) The record demonstrates that Iazzo never agreed in writing that there were no disputed factual issues. Instead, like the teacher in Williams v. Castor, 613 So.2d 97 (Fla. 1st DCA 1993), Iazzo continuously disputed all of the allegations in the administrative complaint and requested a formal hearing. Although Iazzo did not complete the Election of Rights form, he filed a motion requesting a formal hearing, essentially alleging what he would have alleged under "option 2" of the Election of Rights form, but without listing each disputed allegation separately.[5]
Florida Administrative Code Rule 28-5.201(2)(d) provides that a request for a formal hearing "should contain a statement of all disputed issues of material fact." (Emphasis added.) Subsection (3)(a) of this rule provides that a request for a formal hearing may be denied if the movant "does not state adequately a material factual allegation, such as a substantial interest in the agency determination, or if the petition is untimely."[6] In stating that he disputed all the factual allegations and desired a formal hearing, Iazzo sufficiently met the requirements in rule 28-5.201 and the applicable statutes. Accordingly, the Board erred in denying Iazzo's request for a formal hearing, where he was clearly entitled to one. Williams v. Castor.
The Board failed to cure its error after the informal hearing began, by refusing to refer the matter to DOAH, despite the fact that Iazzo continued to dispute the allegation that he had entered into a business relationship with a patient while still treating him in a therapeutic capacity.
The Department's contention that Iazzo is not entitled to a formal hearing because he never explained how his substantial interests would be affected, is without merit. By offering Iazzo an informal hearing under section 120.57(2), the Department has acknowledged that Iazzo's substantial interests will be affected by its determination. Tuckman v. Florida State Univ., 489 So.2d 133, 135 (Fla. 1st DCA 1986). Section 120.57 applies both to formal and informal proceedings in which a party's substantial interests are being determined by an agency. Id.
Accordingly, we REVERSE and REMAND to the Board of Psychological Examiners with directions that it refer the case to DOAH for a formal evidentiary hearing.
SMITH, BARFIELD and LAWRENCE, JJ., concur.
NOTES
[1] Section 490.009(2)(s) provides in relevant part:

(2) The following acts of a licensee or applicant are grounds for which the disciplinary actions listed in subsection (1) may be taken:
.....
(s) Failing to meet the minimum standards of performance in professional activities when measured against generally prevailing peer performance, including the undertaking of activities for which the licensee is not qualified by training or experience.
[2] The Department hired Dr. Philip Boswell, a licensed psychologist, to render an expert opinion as to whether entering into a business relationship with a patient prior to terminating that patient's psychotherapy fell below "minimum standards of performance in professional activities" referred to in § 490.009(2)(s). Dr. Boswell opined that such activity did fall below such minimum standards.
[3] Florida Administrative Code Rule 61F13-10.011 authorizes the Board to follow and apply the Model Rules of Procedure, Chapter 28.
[4] Subsequently, this subsection was renumbered as subsection (5). In addition, in 1991, the language was amended to provide that a formal hearing shall be held "if there are any disputed issues of material fact." Ch. 91-137, § 7, at 1323, Laws of Fla.
[5] Option # 2 of the Election of Rights form reads as follows:

I do dispute the allegations of fact contained in the Administrative Complaint and request this to be considered a petition for a formal hearing pursuant to Section 120.57(1), Florida Statutes (1981), before a Hearing Officer appointed by the Division of Administrative Hearings. Please specify the factual allegations contained in the Administrative Complaint which you dispute:
[6] In the instant case, timeliness was not made an issue by either party.