795 So.2d 179 (2001)
WUESTHOFF MEMORIAL HOSPITAL, INC., Petitioner,
v.
FLORIDA ELECTIONS COMMISSION, Respondent.
No. 1D01-2917.
District Court of Appeal of Florida, First District.
September 13, 2001.
*180 Mark Herron, Tallahassee; Albert T. Gimbel of Messer, Caparello & Self, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General, and John J. Rimes, III, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
In the administrative proceedings below, the Florida Elections Commission alleges that Wuesthoff Memorial Hospital has committed certain violations of Chapter 106, Florida Statutes. By petition for writ of mandamus, Wuesthoff seeks an order directing the Commission to refer its request for a formal administrative hearing on the matter to the Division of Administrative Hearings. We deny the petition.
As Wuesthoff acknowledges, its entitlement to mandamus relief is dependent upon a showing of the existence of a clear legal right on its part, an indisputable and ministerial duty on the part of the respondent, and the absence of any other adequate legal remedy. See Pino v. District Court of Appeal, Third District, 604 So.2d 1232 (Fla.1992); Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992). We find it unnecessary to determine whether Wuesthoff has satisfied the first two elements because we conclude that it has not established that it has no other adequate remedy. Respondent has acted on the request for a formal hearing, and although Wuesthoff argues that the agency has reached an incorrect result by determining that an informal rather than formal hearing is appropriate, this alleged error can be remedied on appeal from any adverse final order. See, e.g., Iazzo v. Department of Professional Regulation, Board of Psychological Examiners, 638 So.2d 583 (Fla. 1st DCA 1994). In light of the adequacy of this remedy, we determine that mandamus will not lie. See Caruso v. Baumle, 776 So.2d 371 (Fla. 5th DCA 2001).
Accordingly, we deny the petition without prejudice to Wuesthoff's right to argue that it was improperly denied a formal hearing in any appeal of a final order arising from the informal proceedings to be conducted below.
MINER, DAVIS and VAN NORTWICK, JJ., concur.