806 So.2d 638 (2002)
Arthur HEROLD, Appellant,
v.
UNIVERSITY OF SOUTH FLORIDA, Appellee.
No. 2D00-4816.
District Court of Appeal of Florida, Second District.
February 13, 2002.
*639 Mark F. Kelly and Robert F. McKee of Kelly & McKee, Tampa, for Appellant.
R.B. Friedlander of University of South Florida, Office of General Counsel, Tampa, for Appellee.
NORTHCUTT, Judge.
Arthur Herold is an associate professor at the University of South Florida College of Medicine. He challenges USF's refusal to grant him a formal evidentiary hearing under section 120.57(1), Florida Statutes *640 (2000), in connection with his unsuccessful application for promotion to full professor. The university rejected Dr. Herold's request for a hearing on the ground that its decision not to promote him did not affect his "substantial interests." We agree, and affirm.
USF appointed Dr. Herold to the Department of Family Medicine faculty in 1987 at the rank of assistant professor. He was promoted to associate professor in 1994, and awarded tenure. In September 1999 Dr. Herold sought promotion to full professor. In accordance with college procedures, he filed an extensive application documenting his publications and his research and teaching activities, along with a letter of support from his department chairman. After reviewing Dr. Herold's application, the departmental Appointment, Promotion, and Tenure Committee unanimously recommended his promotion. But the college-wide APT Committee recommended denying the application. The dean of the College of Medicine concurred with the denial, as did, ultimately, the university provost. As mentioned, USF later declined to grant Dr. Herold a formal administrative hearing.
Section 120.57(1), a provision of Florida's Administrative Procedure Act, provides that a party whose "substantial interests" are determined in an agency proceeding is entitled to have disputed issues of material fact resolved in a formal evidentiary hearing. To qualify as having a substantial interest, one must show that he will suffer an injury in fact which is of sufficient immediacy to entitle him to a hearing and that this injury is of the type or nature which a section 120.57 hearing is designed to protect. Royal Palm Square Ass'n v. Sevco Land Corp., 623 So.2d 533 (Fla. 2d DCA 1993); Agrico Chem. Co. v. Dep't of Envtl. Regulation, 406 So.2d 478 (Fla. 2d DCA 1981).
The parties have not directed us to a decision that determines whether the denial of a promotion in faculty rank at a state college or university implicates a substantial interest in this context, nor have we found one. But case law makes it clear that a substantial interest is one based on a legal entitlement, and not on a mere unilateral expectation. See Fertally v. Miami-Dade Cmty. Coll., 651 So.2d 1283 (Fla. 3d DCA 1995) (holding that nonrenewal of community college professor's annual contract did not affect her substantial interests for purposes of section 120.57); Metsch v. Univ. of Fla., 550 So.2d 1149 (Fla. 3d DCA 1989) (holding that applicant's desire to attend law school was not a substantial interest entitling him to a section 120.57 hearing upon denial of his application).
Dr. Herold's quest for promotion to full professor falls into the latter category. He does not allege the existence of laws, rules or contractual provisions that would legally entitle him to full professorship. His unilateral expectation of being promoted was insufficient to create an interest that necessitated a hearing upon denial. See Sickon v. School Bd. of Alachua County, 719 So.2d 360 (Fla. 1st DCA 1998) (holding that school teacher's desire for reappointment as band director was not based on legal or constitutional entitlement, and therefore she had no substantial interest entitling her to section 120.57 hearing).
Still, Dr. Herold argues that he has a substantial interest in maintaining his professional reputation, which he contends was damaged by the university's failure to promote him to full professor. We reject this assertion for several reasons.
First, we note that Dr. Herold's claim is a variant of the federal due process principle under which a discharged *641 public employee claiming that he has been deprived of his liberty interest must be furnished a name-clearing hearing. This body of law is premised on the holding of the United States Supreme Court in Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that defamation by the government, standing alone, does not constitute a deprivation of liberty or property under the Fourteenth Amendment. The Court prescribed what is known as the "stigma-plus" test, under which a plaintiff complaining that the government has unfairly stigmatized him must establish the fact of the defamation "plus" a violation of some tangible interest before he may invoke procedural due process protection. See Paul, 424 U.S. at 701-702, 96 S.Ct. 1155. To qualify for this entitlement, then, a public employee must prove that (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by the governmental employer (6) without a meaningful opportunity for the employee to clear his name. See Buxton v. City of Plant City, 871 F.2d 1037, 1042-43 (11th Cir.1989).
The Eleventh Circuit recently examined whether the "plus" prong of the "stigma-plus" requirement was satisfied by a public employee whose claim was premised not on a discharge, but on the denial of a promotion. The court held the claim was insufficient, concluding that the Supreme Court required "an `alteration of legal status' as the `plus' which must accompany the stigmatized statements in order for the Due Process Clause to apply." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir.2001) (citing Paul, 424 U.S. at 708-09, 96 S.Ct. 1155). Thus, to the extent that Dr. Herold's claim to a substantial interest refers to a deprivation of liberty or property under the Fourteenth Amendment owing to a damaged professional reputation, it is clear that he has suffered none. The denial of his promotion did not alter his legal status at all; he remains a tenured associate professor. Therefore, his assertion does not meet the "plus" prong of the "stigma-plus" requirement for establishing a constitutional deprivation of liberty or property.
Notably, Dr. Herold does not assert his concern for his professional reputation strictly as a matter of protecting his liberty or property interests under the federal constitution. Rather, he argues that his reputation is, in itself, a substantial interest for purposes of his statutory right to a hearing under section 120.57(1). Again, we have located no authority holding that damage to reputation, alone, is an "injury in fact" sufficient to qualify as a substantial interest for this purpose. See Agrico, 406 So.2d 478. Dr. Herold relies on Spiegel v. University of South Florida, 555 So.2d 428 (Fla. 2d DCA 1989), in which we held that Spiegel, a member of USF's faculty, had a substantial interest that entitled him to a formal hearing under section 120.57 upon his removal as department chairman. We observed that Spiegel's contract rights and potential right to compensation as chairman were protected property interests that could not be withdrawn without due process. We also credited Spiegel's argument that his prestige had been damaged. "Removing him without charging misconduct or providing any other explanation for such action may well damage his standing with his associates and in the community generally," we wrote. "It may place upon him a stigma giving rise to suspicions as to the reason for this removal, damaging his reputation and impairing his ability to obtain employment elsewhere, factors which implicate his liberty interest protected by the Fourteenth Amendment." Spiegel, 555 So.2d at 429.
*642 It can be seen that, for purposes of section 120.57, Spiegel's substantial interest was not in his reputation per se, but in his constitutional liberty interest which was implicated when he suffered a stigmatizing alteration in legal status-in other words, a "stigma-plus." See Cannon, 250 F.3d 1299. In contrast, Dr. Herold has not suffered an alteration in his legal status. Whereas Spiegel complained of stigma associated with his removal from a position in which he had a legal interest, Dr. Herold complains that he has been denied the enhanced prestige associated with the rank to which he aspires. If that aspiration, a mere unilateral expectation, does not itself rise to the level of substantial interest for purposes of section 120.57, neither do its attendant intangible collateral benefits, such as enhanced professional reputation.
Accordingly, we affirm.
SALCINES and STRINGER, JJ., Concur.