609 So.2d 92 (1992)
Elizabeth NICOLITZ, Petitioner,
v.
BOARD OF OPTICIANRY and Department of Professional Regulation, Respondents.
No. 92-2717.
District Court of Appeal of Florida, First District.
November 24, 1992.
*93 Paul Watson Lambert, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., Claire D. Dryfuss, Asst. Atty. Gen., Tallahassee, for respondent Bd. of Opticianry.
Lisa S. Nelson, Asst. General Counsel, Lucy Schneider, Senior Atty., for respondent Dept. of Professional Regulation.

ON REHEARING OR CLARIFICATION
PER CURIAM.
The petition of respondent, Board of Opticianry, for rehearing or clarification is granted, and the following opinion is substituted for the opinion originally issued in this cause.
Elizabeth Nicolitz, a licensed optician, seeks a writ of prohibition to preclude further proceedings against her on an administrative complaint. For the reasons set forth below, we grant the petition.
Nicolitz was previously placed on probation and ordered to file quarterly reports. When two of those reports were late, an administrative complaint was filed against her. Through counsel she executed an "election of rights" form and disputed the allegations of fact and sought a formal hearing before a Division of Administrative Hearings (DOAH) hearing officer in accordance with section 120.57(1), Florida Statutes. The matter was referred to DOAH, where counsel for the Department of Professional Regulation (department) and counsel for Nicolitz entered into a prehearing stipulation. The department construed this stipulation as demonstrating an absence of disputed issues of material fact and, in accordance with Florida Administrative Code Rule 22I-6.033, moved the hearing officer to relinquish jurisdiction. The DOAH hearing officer considered Nicolitz's response in opposition to the motion to relinquish jurisdiction, heard oral argument, and denied the motion.
Several weeks later, and one day before the scheduled formal hearing, counsel for the department filed a "notice of voluntary dismissal without prejudice." This pleading essentially tracked the earlier motion to relinquish jurisdiction in alleging that no material issues of fact were in dispute, and sought dismissal without prejudice to the department's right to proceed before the Board of Opticianry (board) in an informal hearing pursuant to section 120.57(2), Florida Statutes. The hearing officer entered an order which "ratified" the voluntary dismissal and purported to dismiss the administrative complaint. See Fla. Admin. Code Rule 22I-6.037. When an informal hearing was scheduled before the board, Nicolitz petitioned this court for a writ of prohibition and we issued an order to show cause. We have considered the petition, the responses of the department and the board, and petitioner's reply, and we grant relief.
When a party seeks a formal hearing in accordance with section 120.57(1), *94 an agency may conclude that no dispute of material fact has been demonstrated, refuse to refer the matter to DOAH, and proceed informally. If the agency's decision regarding the need for formal proceedings was incorrect, the error can be corrected on appeal from final order. Tuckman v. Florida State University, 489 So.2d 133 (Fla. 1st DCA 1986). Once a referral to DOAH is made, however, "the referring agency shall take no action with respect to the formal proceeding except as a party litigant." § 120.57(1)(b)(3), Fla. Stat. (1991). Here, the department could only revest jurisdiction in the board without a recommended order from the hearing officer by obtaining a favorable ruling on its rule 22I-6.033 motion. When the motion was opposed and denied, the department was bound to proceed to formal hearing or discontinue prosecution pursuant to section 455.225(2), Florida Statutes (1991). The department chose the latter option.[1] Since the complaint was dismissed, the board was and is without jurisdiction to proceed against the petitioner by way of an informal proceeding. Accordingly, the petition for writ of prohibition is granted.
MINER, WOLF and WEBSTER, JJ., concur.
NOTES
[1] If the probable cause panel of the board had wished to continue the prosecution, it could have done so pursuant to § 455.225(4), Fla. Stat. Upon entrance into the proceeding, however, the board is subject to the same constraints as the department once it becomes a party and may only pursue prosecution by way of the formal administrative proceeding, absent an agreement from the respondent. § 120.57(1)(b)(3), Fla. Stat. (1991).