GRIFFIN, Judge.
Petitioner, Kenneth W. Hoover, M.D. [“Hoover”], seeks a writ of prohibition preventing the Respondent, the Department of Professional Regulation [“DPR”] from proceeding with the prosecution of DPR case number 104601. We grant the writ.
DPR originally sought, and obtained, a finding of probable cause that disciplinary proceedings should be instituted against Hoover, for alleged negligent treatment of a patient under his care for allergies between 1986 and 1989. Thereafter, on May 16, 1991, DPR commenced a Board of Medicine disciplinary proceeding against Hoover by filing an administrative complaint bearing case number 104601. Hoover requested a formal hearing and the case was referred to the Department of Administrative Hearings [DOAH]. On November 6, 1991, DPR filed a Notice of Voluntary Dismissal. DOAH thereupon entered an order of dismissal.
Immediately after the dismissal, Hoover filed a petition for fees and costs pursuant to section 57.111, Florida Statutes (1989).[1] A hearing was held on the fees petition before a DOAH hearing officer. In the final order, the hearing officer outlined at length the sharply conflicting opinions within the medical community concerning the wisdom and efficacy of the field of “environmental medicine” practiced by Dr. Hoover. The hearing officer concluded that although DPR might not be able to prove its case against Dr. Hoover, the administrative complaint did have a “reasonable basis in law and fact”. This final order denying fees was issued on March 31, 1991.
One week later, on April 8, 1992, without resubmitting the matter to a “probable cause panel” of the Board of Medicine, DPR refiled the same administrative complaint. Hoover again requested a formal hearing. Hoover also filed a motion to dismiss the complaint for lack of jurisdiction, theorizing that a new probable cause finding was required prior to refiling. On September 16, 1992, the hearing officer entered a recommended order of dismissal. Thereafter, in October, it appears that the Hoover case was resubmitted to the probable cause panel, which issued a new memorandum finding probable cause on October 4, 1992.
On December 3, 1992, before the Board of Medicine took action on the hearing officer’s recommended order of dismissal, DPR again filed the same administrative com *807 plaint in case 104601.[2] On December 30, 1992, the Board of Medicine entered its “Final Order” of dismissal. In this order, the Board rejected the hearing officer’s conclusion that a new probable cause finding was required; nevertheless, “in the interest of equity”, the Board “dismissed] DOAH ease number 92-2202 at issue without prejudice to the refiling of the administrative complaint”.
Notwithstanding this dismissal, DPR continues its prosecution of Hoover in case No. 104601 based on the December 3, 1992 complaint. DPR apparently contends that the above-quoted order of the Board did not have any effect on its prosecution, which it bases on the December 3, 1992 filing of the complaint. DPR points out that the December 30, 1992 final order purports to dismiss DOAH case number 92-2202, not administrative complaint 104601. However, the final order also specifies dismissal is “without prejudice to the refiling of the administrative complaint by DPR.” We are obliged to agree with petitioner that the December 30, 1992 final order of dismissal terminated case number 104601.
We do not reach[3] the “new probable cause” argument so energetically debated between the parties because there was a new probable cause finding in October, 1992. DPR could have commenced a new proceeding against Hoover by the filing of an administrative complaint, but it chose, for a reason it has not seen fit to explicate, to refile a complaint in the same proceeding where a recommended order of dismissal had already been issued and which subsequently was dismissed.
In concluding that the December 30, 1992 dismissal order terminated case number 104601, we rely principally on Nicolitz v. Board of Opticianry, 609 So.2d 92 (Fla. 1st DCA 1992). In that case, after referral to DOAH for a formal hearing, DPR dismissed the case. DPR then purported to proceed with an informal proceeding based on its unilateral conclusion that no dispute of fact existed that would warrant a formal hearing. The First District explained that once a disciplinary proceeding has been commenced by the filing of a complaint, and referred to DOAH, DPR has only two options: to proceed with the formal hearing or to discontinue prosecution. DPR chose to discontinue prosecution by dismissal. Id. at 94. Once it did so, there was nothing on which to proceed whether by formal or informal hearing. The Florida Administrative Code, Rule 60Q-2.037 provides:
Before a formal hearing begins, a party who has filed an administrative complaint may terminate proceedings on the administrative complaint by filing a notice of voluntary dismissal, [emphasis added]
We agree with the Nicolitz court that dismissal terminates the proceeding, not just the DOAH hearing.[4]
Even though DOAH uses its own case number system, a DOAH referral is not a separate case; it is merely the device by which the merits of a proceeding commenced by an administrative complaint are heard. When the Board entered its dismissal on December 30, 1992, the proceeding (case 104601) terminated. If this were not so, the kind of procedural chaos present here, with multiple (identical) overlapping complaints, multiple dismissals, multiple final orders, et cetera, appears uncontrollable. An administrative proceeding, like a civil proceeding, should be based on a single complaint, which may be amended as permitted by law. Complaints cannot be stockpiled and used to revive a proceeding every time an earlier version is *808 dismissed. DPR case number 104601 has been dismissed and DPR is without power to continue a prosecution against Dr. Hoover in that case. As stated by the Board, however, this is without prejudice to refile an administrative complaint that will commence a new proceeding against Dr. Hoover.
WRIT GRANTED.
COBB and PETERSON, JJ., concur.

. Notably, this statute authorizes fees to a "prevailing ... party” after entry of a final order *807 and expiration of time for appeal.

. Indeed, DPR merely added an additional signature and date to the prior version of the complaint.

. We recognize we will be presented with this issue again if DPR elects to commence a new proceeding without a separate probable cause finding to support the undismissed proceeding.

.We do not mean to imply that by appropriate motion the parties could not dismiss the DOAH hearing process, once commenced. The issue in this case was never the DOAH hearing, however, it was the power to proceed at all.