BOOTH, Judge.
This cause is before us on appeal from an order of the Agency for Health Care Administration (AHCA) imposing a $5,000 fine against Conval Care, Inc. (CCI) for failure to produce Medicaid provider records pursuant to section 409.913, Florida Statutes (1991). Because the agency lacked a legitimate investigatory purpose for demanding the records, we reverse.
CCI was a Medicaid provider and home health care agency based in Palatka, Florida. By letter dated May 20, 1991, the Department of Health and Rehabilitative Services (HRS) sought to terminate CCI’s participation in the state Medicaid program and recoup approximately $600,000 in fines and alleged overpayments.[1] CCI petitioned for a formal administrative hearing under section 120.57(1), Florida Statutes (1991), to challenge the termination and recoupment action. While the case was pending at the Division of Administrative Hearings (DOAH), HRS sought Medicaid documents from CCI. The company refused to provide the documents, maintaining that any request for such documents should be done through appropriate *301 discovery pursuant to Florida Rules of Civil Procedure. In response, HRS imposed sanctions on CCI’s noncompliance pursuant to section 409.913, Florida Statutes (1991). That section allows HRS to impose administrative sanctions against a Medicaid provider if the provider has refused access to Medicaid-related records to an authorized auditor or investigator acting as an employee or agent of the department. After a formal administrative hearing challenging the imposition of sanctions, the hearing officer made the following findings in his recommended order:
11. HRS’ counsel in the recoupment and termination proceeding [DOAH case no. 91-4020] relied on the attempt to obtain records [HRS] initiated on September 23, 1991, as his sole means of securing records that HRS listed as exhibits it intended to offer in the recoupment and termination proceeding.... After the attempt to gather evidence in this fashion proved unavailing, and after several continuances, HRS dropped the recoupment and termination proceeding it had initiated against CCI.
[[Image here]]
16. ... Taken as a whole, the evidence in the present case requires the inference that HRS intended to offer the records it demanded access to as evidence in Case No. 91^f020.[2]
Accordingly, the hearing officer recommended that the sanctions against CCI be dismissed. By final order dated September 19, 1993, AHCA left the hearing officer’s findings of fact undisturbed, but concluded as a matter of law that AHCA may sanction failure to furnish Medicaid records under section 409.913, Florida Statutes (1991), even when the agency has a formal termination and recoupment proceeding pending against the same provider. We hold that AHCA erred.
Where the agency has a legitimate investigatory purpose for obtaining Medicaid documents from a provider, section 409.913 clearly authorizes the agency to demand the records and to sanction a provider for failure to produce them. However, we construe the above findings, expressly adopted by the agency and supported by competent, substantial evidence, to mean that HRS had no legitimate investigatory purpose for using its demand power under chapter 409, Florida Statutes, other than to discover documents for use against CCI in the formal administrative proceeding already pending at DOAH. According to the order, HRS brought forth insufficient evidence of any other legitimate investigatory purpose for the records. Consequently, the agency was not permitted to take further action in the termination and recoupment proceeding except as a party litigant. Section 120.57(1)(b)3, Florida Statutes (1991); see also, Nicolitz v. Board of Opticianry, 609 So.2d 92 (Fla. 1st DCA 1992). Under the facts before us, the agency should have sought appellant’s documents with a request pursuant to Florida Administrative Code Rule 60Q-2.019, which authorizes discovery through applicable Florida Rules of Civil Procedure for parties to a section 120.57(1) administrative hearing.
Accordingly, the order below is REVERSED and the cause is REMANDED for further proceedings consistent herewith.
MICKLE and WOLF, JJ., concur.

. Effective July 1, 1993, control of the state Medicaid program was transferred from the Department of Health and Rehabilitative Services (HRS) to AHCA. Ch. 93-129, § 58, 1993, Fla. Laws 657, 711. Because most of the proceedings in this case occurred before July 1, 1993, HRS took most of the agency action described herein.

. Paragraph 16 is in the conclusions of law portion of the recommended order. Although AHCA disagreed with the hearing officer’s order recommending dismissal of the sanctions, AHCA expressly endorsed Ae finding in paragraph 16 and concluded that it was supported by competent, substantial evidence.