SHAHOOD, J.
This appeal arises from a final order issued by the Construction Industry Licensing Board following an administrative claim filed with the Construction Industries Recovery Fund (“Recovery Fund”) by appellee, Stephan Humphrey, over problems associated with the construction of his home by Personalized Homes, Inc. (“PHI”). Appellant, Robert Ryan, was the qualifying agent for PHI.
Humphrey contracted with Personalized Homes for the construction of a house on February 3,1993. On September 21,1993, *37 the parties executed a new proposal with an adjusted contract price.
Unsatisfied with delays in the construction, Humphrey, in August 1993, filed suit against Personalized Homes, f/d/b/a Personalized Homes Corp., PHI, Personalized Homes of Brevard, Inc. and its principals, for breach of contract. Ryan was not a party to the civil suit. Humphrey also filed a claim with the Construction Industries Recovery Fund against PHI, d/b/a Personalized Homes, f/d/b/a Personalized Homes Corp. and Personalized Homes of Brevard, Inc. Although Humphrey’s claim did not name Ryan as a party, his license number was listed as the contractor’s license number.
In 1998, the parties in Humphrey’s civil action entered into a stipulation for settlement. The parties agreed to the entry of judgment against Personalized Homes, which included its principals and Personalized Homes of Brevard, Inc. In exchange for a settlement sum, Humphrey, among other things, agreed not to institute any administrative claims against Ryan, as the qualifying agent for Personalized Homes, with the Construction Industry Licensing Board; however, he was not prohibited from pursuing a claim with the Recovery Fund. Ryan was not a party to this stipulation for settlement. In its final judgment, the court found that PHI entered into an agreement with Humphrey on September 5, 1993, for the construction of his home and that Ryan was the qualifying agent for PHI during the construction of the home.
A hearing was conducted on Humphrey’s claim against the Recovery Fund with Ryan in attendance. The Board issued an order on April 24, 1998, denying Humphrey’s claim with prejudice on the grounds that the contract date between Humphrey and Personalized Homes was February 7, 1993, which predated the July 1, 1993, effective date required under statute for eligibility for recovery under the Recovery Fund and that Humphrey waived his claim against the Recovery Fund according to the terms of his settlement in his civil action.
On May 14, 1998, Humphrey filed a Petition for Formal Administrative Hearing before an administrative law judge arguing that the contract with PHI was executed on September 21, 1993, and that he did not waive any claims against the Recovery Fund in his stipulation for settlement. At the January 8, 1999, hearing held on Humphrey’s petition, a settlement proposal was announced. Upon Humphrey’s and the Board’s joint request, the formal hearing was abated until the proposal could be reduced to writing and approved by the Board. Ryan was not a party to this administrative proceeding.
On April 12, 1999, the Board sent Ryan notice that it would rehear Humphrey’s claim pursuant to section 120.57(2) at its General Session meeting on April 16, 1999. Ryan moved for a continuance in order to obtain representation and adequately prepare for the hearing. Ryan was advised to attend the hearing in order to have his request considered and told that if his request was denied, the Board would proceed with a determination as to whether to accept or reject the settlement proposal. As a’ result, Ryan attended the hearing without legal representation. The Board voted to adopt the proposed agreed settlement, although such decision was never reduced to writing. The agreed settlement approved Humphrey’s claim in the amount of $25,000 and requested that the administrative law judge enter an order closing the file and relinquishing jurisdiction to the Board for the issuance of a final order conforming to the terms of the agreed settlement. Ryan objected to the settlement since he, as the qualifying *38 agent, would be affected by its outcome, i.e., repayment to the Recovery Fund for the settlement and license suspension.
In May 1999, Ryan appeared through counsel in Humphrey’s administrative appeal as an intervenor, seeking to abate Humphrey’s and the Board’s attempt to join Ryan in the administrative proceeding and dismiss him from the proceeding; this motion was granted. Upon Humphrey’s and the Board’s motion to relinquish jurisdiction, the administrative law judge closed Humphrey’s formal administrative file.
On September 15, 2000, the Board entered a final order vacating its prior April 24, 1998 denial of Humphrey’s claim against the Recovery Fund and approved the settlement agreement. By its terms, upon payment of Humphrey’s claim by the Recovery Fund, Ryan’s license would be automatically suspended and he would be responsible for repayment of the settlement amount to the Recovery Fund.
The Board concedes, and we agree, that because Ryan did not receive adequate notice under the provisions of the APA, the Construction Industry Licensing Board’s September 15, 2000 order must be set aside.
Section 120.68(7)(c), Florida Statutes (2000) provides that:
[t]he court shall remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate, when it finds that ... The fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
In this case, the Board gave Ryan only four days notice of its April 16,1999, meeting to review the proposed agreed settlement reached by Humphrey and the Board on Humphrey’s Recovery Fund claim. Although Ryan moved for a continuance in order to obtain representation and adequately prepare, the Board denied his request for a continuance, and thus, Ryan attended the meeting without legal representation. Ultimately, the Board’s approval of the proposed settlement at that April meeting became the basis for the Board’s final order entered on September 15, 2000.
Here, the administrative law judge did not relinquish jurisdiction for formal action to be taken by the Board at its April 16, 1999 meeting. See § 120.569(2)(a), Fla. Stat. (2000)(The referring agency shall take no further action with respect to a proceeding under section 120.57(1), except as a party litigant, as long as the division has jurisdiction over the proceedings under section 120.57(1)); see Nicolitz v. Bd. of Opticianry, 609 So.2d 92 (Fla. 1st DCA 1992)(Once a referral to DOAH is made, the referring agency shall take no action with respect to the formal proceedings except as a party litigant. Jurisdiction could only revest in the referring agency without a recommended order from the hearing officer by obtaining a favorable ruling on a motion for relinquishment of jurisdiction.).
Section 120.569, Florida Statutes (2000), applies in all proceedings in which the substantial interests of a party are determined by an agency. “All parties shall be afforded an opportunity for a hearing after reasonable notice of not less than 14 days.” See § 120.569(2)(b), Fla. Stat. (2000). As conceded by the Board, Ryan was only given four days notice of the Board’s meeting in violation of section 120.569.
In accordance with section 120.57(l)(b), all parties shall have an opportunity to respond, present evidence and argument on all issues involved, to submit proposed findings of fact and orders, to file exceptions to the presiding officer’s recommended order and to be represented by *39 counsel. Ryan was never afforded that opportunity.
Because there are disputed issues of material fact which were never resolved before an administrative law judge, this matter must be remanded for a formal hearing pursuant to sections 120.569 and 120.57.
REVERSED AND REMANDED.
FARMER and STEVENSON, JJ., concur.