844 So.2d 757 (2003)
Frank SCHAFER, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 1D02-2045.
District Court of Appeal of Florida, First District.
May 9, 2003.
Sanford Z. Chevlin, Hallandale, for Appellant.
Gail Scott Hill, Department of Business and Professional Regulation, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of a final order of the Department of Business and Professional *758 Regulation, Electrical Contractors' Licensing Board, imposing a $3,000.00 fine. He contends that the Board erred in denying his request for a formal hearing and adopting the allegations of the administrative complaint. Because it is clear that no material fact was in dispute, and that the undisputed facts support the Board's action, we affirm.
The challenged order recites that appellant "filed an Election of Rights admitting the facts and requesting an informal hearing." Appellee correctly concedes that the order is erroneous in that regard and that, although appellant admitted some facts, he disputed others and requested a formal hearing. However, it argues that this scrivener's error is harmless in this case. We agree.
When material facts are not in dispute, an agency need not refer a matter to the Department of Administrative Hearings for a formal hearing, even if such a hearing is requested by a party. It may, instead, proceed informally. See, e.g., Nicolitz v. Bd. of Opticianry, 609 So.2d 92, 93-94 (Fla. 1st DCA 1992); Village Saloon, Inc. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation, 463 So.2d 278, 285 (Fla. 1st DCA 1985) (on denial of rehearing). Appellant was charged with a violation of section 489.533(1)(m)4, Florida Statutes (2001), which authorizes the imposition of a fine when an electrical contractor "fails, within 18 months, to pay or comply with ... a judgment obtained against the contractor or a business qualified by the contractor and relating to the practice of [electrical] contracting." Appellant admitted that a money judgment had been entered against R & R Associates, and that he had been the qualifier for that entity. Moreover, he did not dispute the facts that the judgment had remained unpaid for more than 18 months and that it related to the practice of electrical contracting. No additional facts were necessary to establish the violation with which appellant was charged. Accordingly, the Board was free to proceed informally, and to enter the challenged order.
Appellant makes additional arguments which are without merit. The final order of the Department of Business and Professional Regulation, Electrical Contractors' Licensing Board, is affirmed.
AFFIRMED.
ALLEN, C.J., and BROWNING, J., concur.