Dear Ms. Foster:
On behalf of the Board of Hearing Aid Specialists, you ask substantially the following question:
Does the Board of Hearing Aid Specialists have the authority to hire private counsel for their prosecutorial services?
The Florida Board of Hearing Aid Specialists (board) is authorized to implement the provisions of Part II, Chapter 484, Florida Statutes, regulating hearing aid specialists.[1]
Complaints filed against licensees are reviewed and disposed of in accordance with the procedures set forth in Chapter 456, Florida Statutes.[2]
Section 456.009, Florida Statutes, addresses the provision of legal services for the boards under the jurisdiction of the Department of Health (department). Pursuant to subsection (1), the department shall provide board counsel for boards within the department by contracting with the Department of Legal Affairs, by retaining private counsel pursuant to s. 287.059, or by providing department staff counsel.[3] Section 456.009(2), Florida Statutes, authorizes the department to employ or use the legal services of outside counsel and the investigative services of outside personnel, provided that "no attorney employed or utilized by the department shall prosecute a matter and provide legal services to the board with respect to the same matter."
Section 456.073, Florida Statutes, provides that disciplinary proceedings shall be within the jurisdiction of the department. The statute requires the department, for the boards under its jurisdiction, to investigate any legally sufficient, signed, and written complaint filed before it.[4] Subsection (2) of section 456.073 requires the department to allocate sufficient and adequately trained staff to expeditiously and thoroughly determine legal sufficiency and investigate all such complaints. When its investigation is complete, the department is required to prepare and submit to a probable cause panel of the appropriate regulatory board the investigative report of the department.[5] The report must contain the investigative findings and the recommendations of the department regarding the existence of probable cause.
Section 456.073(2), Florida Statutes, states that the department may dismiss a case if it determines that there is insufficient evidence to support the prosecution of allegations. A detailed report, however, must be provided by the department to the appropriate probable cause panel prior to dismissal, and to the subject of the complaint after dismissal. If the department dismisses a case, section 456.073(2) specifically authorizes the probable cause panel to retain independent legal counsel, employ investigators, and continue the investigation and prosecution of the case as it deems necessary.
In addition, subsection (4) of section 456.073, Florida Statutes, provides in pertinent part:
 "If the probable cause panel finds that probable cause exists, it shall direct the department to file a formal complaint against the licensee. The department shall follow the directions of the probable cause panel regarding the filing of a formal complaint. If directed to do so, the department shall file a formal complaint against the subject of the investigation and prosecute that complaint pursuant to chapter 120. However, the department may decide not to prosecute the complaint if it finds that probable cause has been improvidently found by the panel. In such cases, the department shall refer the matter to the board. The board may then file a formal complaint and prosecute the complaint pursuant to chapter 120. The department shall also refer to the board any investigation or disciplinary proceeding not before the Division of Administrative Hearings pursuant to chapter 120 or otherwise completed by the department within 1 year after the filing of a complaint. . . . A probable cause panel or a board may retain independent legal counsel, employ investigators, and continue the investigation as it deems necessary; all costs thereof shall be paid from a trust fund used by the department to implement this chapter. All proceedings of the probable cause panel are exempt from s. 120.525." (e.s.)
A review of the statutes discussed above indicates that it is the department that is charged with providing prosecutorial services to the boards under its jurisdiction, with certain statutorily defined exceptions. Where the department dismisses a case for insufficient evidence to support the prosecution of allegations or determines that probable cause has been improvidently found by the panel or if its investigation or disciplinary proceeding is not before the Division of Administrative Hearings or otherwise completed by the department within one year after the filing of a complaint, such matters shall be referred to the board. In such instances, the board may retain independent legal counsel and continue the investigation as it determines to be appropriate.[6]
Accordingly, I am of the opinion that the Board of Hearing Aid Specialists does not have the authority to hire private counsel for their prosecutorial services except in the limited circumstances specified in section 456.073(2) and (4), Florida Statutes.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] See s. 484.044(1), Fla. Stat., which authorizes the board to adopt rules pursuant to ss. 120.536(1) and 120.54, Fla. Stat., to implement the provisions of Part II, Ch. 484, Fla. Stat., conferring duties upon it.
[2] See s. 484.042(4), Fla. Stat., providing:
 "All provisions of chapter 456 relating to activities of regulatory boards apply to the board. However, notwithstanding the requirement of s. 456.073(4) that the board provide by rule for the determination of probable cause by a panel composed of its members or by the department, the board may provide by rule that its probable cause panel may be composed of one current member of the board and one past member of the board, as long as the past member is a licensed hearing aid specialist in good standing. The past board member shall be appointed to the panel for a maximum of 2 years by the chair of the board with the approval of the secretary."
[3] Cf. s. 456.008(2), Fla. Stat., which provides that the department shall defend any board member or former board member serving on a probable cause panel in any action for any act or omission when acting in the member's official capacity or the member's company if the department determines that the suit arises from actions taken by the member in the member's official capacity. In providing such defense, the department may employ or utilize the legal services of the Department of Legal Affairs or outside counsel retained pursuant to s. 287.059.
[4] See s. 456.073(1), Fla. Stat. A complaint is legally sufficient if it contains ultimate facts that show that a violation of this chapter, of any of the practice acts relating to the professions regulated by the department, or of any rule adopted by the department or a regulatory board in the department has occurred. Id.
[5] Section 456.073(2), Fla. Stat.
[6] Cf. Nicolitz v. Board of Opticianry, 609 So. 2d 92 (Fla. 1st DCA 1992), in which the court considered a similar statute, s. 455.225, Fla. Stat., addressing the responsibilities of the then Department of Professional Responsibility (now the Department of Business and Professional Responsibility) and the boards thereunder, stating that after referral to the Division of Administrative Hearings, the department was bound to proceed to formal hearing or discontinue prosecution pursuant to s.455.225(2) and as the department chose the latter option, the probable cause panel of the board, if it had wished to continue the prosecution, could have done so pursuant to s. 455.225(4), Fla. Stat.