CORTIÑAS, Judge.
The Appellant, Jose Gonzalez, seeks review of a final order from the Department of Business and Professional Regulation, Construction Industry Licensing Board, revoking his air conditioning contractor’s license. We affirm.
In August 2004, a default judgment in the amount of $17,973.49 was entered against the Appellant for failure to pay for materials and supplies in connection with his practice of air conditioning contracting. *495 Subsequently, in August 2005, the Construction Industry Licensing Board (“Board”) filed an administrative complaint against the Appellant, pursuant to section 489.129(l)(q), Florida Statutes (2005), for failure to satisfy the judgment. In response, the Appellant filed an Election of Rights Form requesting a formal hearing and alleging the existence of disputed material facts. However, the Board concluded that there were no material facts in dispute and, thus, denied the Appellant’s request for a formal hearing.
Thereafter, the Board conducted an informal hearing on the Appellant’s case. At the hearing, the prosecutor presented evidence that the Appellant had four prior section 489.129 violations over a twenty-year span, including violations involving fraud, deceit, or untrue misrepresentations, and assisting in unlicensed activity. The Appellant presented evidence that, on the day before the hearing, he satisfied the judgment at issue. At the conclusion of the hearing, the Board agreed to fine the Appellant $5,258.35 and revoke his license.[1]
In its final order, the Board erroneously stated that the Appellant failed to return an Election of Rights Form and, therefore, waived his right to a formal hearing pursuant to section 120.57(1), Florida Statutes (2005).[2] Although the Board erred in that respect, their findings are affirmed as there were no material facts in dispute requiring the Board to conduct a formal hearing. See Schafer v. Dep't of Bus. & Prof'l Regulation, 844 So.2d 757, 758 (Fla. 1st DCA 2003)(finding that the Board’s erroneous statement m its final order that the appellant requested an informal, rather than a formal hearing, was harmless because the absence of a disputed material fact allowed the Board to proceed informally).
“When material facts are not in dispute, an agency need not refer a matter to the Department of Administrative Hearings for a formal hearing, even if such a hearing is requested by a party. It may, instead, proceed informally.” Id. (citing Nicolitz v. Bd. of Opticianry, 609 So.2d 92, 93-94 (Fla. 1st DCA 1992)). Here, the Appellant was charged with violating section 489.129(l)(q), which authorizes the Board to revoke a license when the licensee “fail[s] to satisfy within a reasonable time, the terms of a civil judgment obtained against the licensee, or the business organization qualified by the licensee, relating to the practice of the licensee’s profession.” The language “a reasonable time” is defined in rule 61G4-17.001(l)(q) of the Florida Administrative Code (2005), as “ninety (90) days following the entry of a civil judgment that is not appealed.” The undisputed facts show that the Appellant never denied that a civil judgment had been entered against him, that the Appellant paid the judgment on the day before the hearing, which was nearly nine months after it was entered, and that the outstanding judgment related to his profession. Therefore, even if the Appellant requested a formal hearing, the Board was within its rights to proceed informally.
Affirmed.

. We find no merit in the Appellant’s contention that license revocation was an excessively harsh punishment. Given the circumstances of this case, license revocation was within the permissible range of penalties for a violation of section 489.129(l)(q). See Fla. Admin. Code R. 61G4-17.001(l)(q)(2005).

. On appeal, counsel for the Board agrees that the Appellant filed an Election of Rights Form requesting a formal hearing and alleging the existence of disputed facts.