# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1878
Lower Tribunal No. 2021-053983 CILB
_____

**David Llaurado,**
Appellant,

vs.

**Department of Business and Professional Regulation,**
Appellee.

An Appeal from the Department of Business and Professional Regulation.

David Llaurado, in proper person.

Brooke Elizabeth Adams, Chief Appellate Counsel (Tallahassee), for appellee.

Before LOGUE, C.J., and SCALES and BOKOR, JJ.

LOGUE, C.J.

David Llaurado appeals a final order of the Department of Business and Professional Regulation imposing an administrative fine and costs for

practicing construction contracting without the required license. Llaurado argues that the Department erred in resolving this dispute by way of an informal hearing instead of a formal hearing under Chapter 120 of the Florida Statutes. The Department utilized the informal process because it understood Llaurado was not challenging the material facts alleged in the administrative complaint. Based on a joint motion, this Court relinquished jurisdiction for the Department to conduct a hearing to identify any material fact disputed by Llaurado.

At the hearing, the hearing officer went through the complaint paragraph by paragraph with the parties. It was undisputed that neither Llaurado nor his company (doing business under the name "Golden Hammer") held a construction contractor's license at the relevant times; that Llaurado submitted a bid for construction work under his signature and on the stationary of his company for construction work; the bid resulted in a substantial contract between him and a consumer for which Llaurado was paid; and the bid referred to a roofing contractor's license of another individual.

In these circumstances, we see no error in the Department resolving this case in an informal proceeding to reach the result under review. See § 455.225(5), Fla. Stat. (2024) ("A formal hearing before an administrative law

2

judge from the Division of Administrative Hearings shall be held pursuant to chapter 120 if there are any disputed issues of material fact."); Gonzalez v. Dep't of Bus. & Pro. Regul., 958 So. 2d 494, 495 (Fla. 3d DCA 2007) ("When material facts are not in dispute, an agency need not refer a matter to the Department of Administrative Hearings for a formal hearing, even if such a hearing is requested by a party. It may, instead, proceed informally." (quoting Schafer v. Dep't of Bus. & Pro. Regul., 844 So. 2d 757, 758 (Fla. 1st DCA 2003))). See also § 489.13(1), Fla. Stat. (2024) ("Any person performing an activity requiring licensure under [Chapter 489, Part I] as a construction contractor is guilty of unlicensed contracting if he or she does not hold a valid active certificate or registration authorizing him or her to perform such activity[.]"); § 489.105(6), Fla. Stat. (2024) ("'Contracting' means . . . engaging in business as a contractor. . . . The attempted sale of contracting services and the negotiation or bid for a contract on these services also constitutes contracting."); § 489.127(1)(c), Fla. Stat. (2024) ("No person shall . . . [p]resent as his or her own the certificate or registration of another[.]").

Affirmed.